## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE No.:

JOHN DOE, individually and JANE ROE, individually,
and on behalf of others similarly situated,

      Plaintiffs,

vs.                                        **CLASS ACTION**

BRENDA F. FORMAN, in her capacity as
Clerk of the Court for the 17th Judicial
Circuit, in and for Broward County, Florida;

HAROLD F. PRYOR, in his capacity as
State Attorney for the 17th Judicial
Circuit, in and for Broward County, Florida; and

GREGORY TONY, in his capacity as
Sheriff, in and for Broward County, Florida,

      Defendants.

_____/

## CIVIL RIGHTS CLASS ACTION COMPLAINT
## FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

PLAINTIFF JOHN DOE, individually, ["PLAINTIFF DOE"] and PLAINTIFF JANE ROE,

individually, ["PLAINTIFF ROE"] and on behalf of others similarly situated ["Class Members"],

files this Civil Rights Class Action Complaint for Injunctive and Other Equitable Relief

["Complaint"] against BRENDA F. FORMAN, in her capacity as Clerk of the Court for the 17th

Judicial Circuit, in and for Broward County, Florida ["Broward Clerk"]; HAROLD F. PRYOR, in

his capacity as State Attorney for the Seventeenth Judicial Circuit, in and for Broward County,

Florida ["Broward State Attorney or Broward prosecutor"]; and GREGORY TONY, in his capacity

as Sheriff, in and for Broward County, Florida ["Broward Sheriff"], and state:

1

## PRELIMINARY STATEMENT

This civil rights class action challenges the unconstitutional policy and practice of the Broward State Attorney and Broward Court Clerk in issuing capias warrants and setting the bail for those warrants without a determination of probable cause by a neutral and detached magistrate.[1] The plaintiffs in this class action are individuals who have outstanding warrants for their arrest where the capias warrants were issued in violation of the Fourth Amendment.

In Florida, when a prosecutor files an Information charging the commission of a crime, except a capital offense, the rules of court establish a procedure for the issuance of a capias warrant for the arrest of the person named in the Information when the person is not in custody, or is at large on bail for the offense charged. This type of Information is known as a "Not in Custody Information" or "NIC Information."

In Florida, a capias warrant issued based upon the filing of an NIC Information, is an arrest warrant that also directs that a putative defendant be brought before the court. A capias is lawfully issued by the clerk of the court ["clerk"] exclusively upon the order of the court. When a capias is issued upon the filing of an NIC Information, this type of capias is known as a "Not in Custody capias" or "NIC capias."

Florida has a procedure established by the rules of court for the issuance of NIC capiases. The Florida procedure mandates that a judge determines whether probable cause exists for the issuance of the capias, and, if so determined, the judge orders the issuance of the capias by the clerk. The judge determines the amount of bail, endorses the amount on the capias, and signs the capias.

---

[1]While the terms "capias warrant" ["capias"] and "arrest warrant" are often used interchangeably, there are fundamental differences between the two. The capias warrant is typically issued by the court after formal charges have been filed against the defendant. However, the arrest warrant is a court order to take the person into custody before formal charges are filed.

The procedure categorically establishes that only a judge can determine the amount of bail endorsed on a NIC capias. The clerk does not have that authority.

The Florida procedure comports with the requirements and mandates of the Fourth Amendment. The Fourth Amendment mandates that before an NIC capias warrant can be issued, a neutral and detached magistrate must make a determination that probable cause exists that the crime or crimes alleged in the Information were committed by the named putative defendant.

Notwithstanding that a formal lawful and constitutional procedure in compliance with the Fourth Amendment for the issuance of NIC capiases following the filing of NIC Informations exists in Florida, the Broward Clerk does not abide by that lawful and constitutional procedure mandated by the Fourth Amendment. The Broward Clerk has violated the Fourth Amendment for over 42 years.

In Broward County, NIC capias warrants have been issued by the Broward Clerk of the Court instead of by a neutral and detached magistrate. Accordingly, the NIC capias warrants are unconstitutional and violate the Fourth Amendment, which mandates that an arrest warrant may only be issued by a neutral and detached magistrate after a finding that probable cause exists that a crime was committed by the person named in the information.

In Broward, when the Broward State Attorney files a NIC Information, the Broward State Attorney files a document known as the "State's Instruction Sheet." In the sheet, the Broward State Attorney directs the Broward Clerk to issue the capias. In violation of the formal procedure, the Broward Clerk issues the NIC capias and endorses the amount of bail on the capiases without an order of a neutral and detached judge. In issuing the capias and endorsing the amount of bail without an order of the neutral and detached judge, the Broward Clerk violates the Fourth Amendment and the right to due process of law as the Broward Clerk does not have legal authority nor constitutional authority to perform those actions.

By instructing the Broward Clerk to issue the capiases, the Broward prosecutor acts *ultra vires* of the authority granted as a member of the executive branch of government. The Broward prosecutor, in violation of the Fourth Amendment, usurps the authority of the magistrate by making the determination that probable cause exists and by instructing the Broward Clerk to issue the capias. The Broward Clerk also acts *ultra vires* in violation of the Fourth Amendment by issuing the capias and endorsing the bail without the approval and authorization of a neutral and detached magistrate.

A clerk does not have the authority to issue warrants without an order from a judge. Nor does a clerk have the authority to set the bail on an arrest warrant. In Florida, the clerk is charged with the ministerial duty to "keep all papers filed in his office with the utmost care and security, arranged in appropriate files (endorsing upon each the time when the same was filed)" and to "keep a progress docket in which he shall note the filing of each pleading, motion, or other paper and any step taken by him in connection with each action, appeal, or other proceeding before the court." Issuing a warrant and setting the bail on the warrant without a judicial fiat is not within the ministerial authority of the clerk. The unconstitutionally issued NIC capiases were valid *de facto*, but were invalid *de jure*.

This action does not seek to invalidate all capias warrants issued in Broward County. This action solely seeks the voiding of all unserved NIC capiases issued unconstitutionally by the Broward Clerk and the prohibiting the further issuance of unconstitutional NIC capiases by the Broward Clerk.

An audit establishes that between September 18, 2016, and September 17, 2021, over 8,000 persons were arrested on NIC capiases which were issued unconstitutionally in violation of the Fourth Amendment. Based on that audit, it is estimated that over the past 40 years, more than 50,000 persons were arrested on capiases that were illegally and unconstitutionally issued. The audit discloses there remains in excess of 700 unconstitutionally issued capiases which are unserved and

were issued during the period September 18, 2016 to September 17, 2020. If the unserved arrest warrants *qua* capiases are not voided more than 700 persons will be arrested on capiases which were issued unconstitutionally because no determinations of probable cause by a neutral and detached magistrate occurred before the capiases were issued. Through discovery it will be established that there are at least several thousand more unconstitutionally issued unserved capiases. Unless prohibited by this Court, the Broward prosecutor and Broward Clerk intend to continue issuing these illegal and unconstitutional capiases.

The unconstitutional procedure used for the issuance of NIC capiases in Broward County has been utilized for decades and continues to be used. It is in contravention of the Fourth and Fourteenth Amendments and the established Florida procedures. An audit establishes that over 10,000 persons had their Fourth Amendment rights trampled and many more thousands will have their Fourth Amendment rights trampled unless the unconstitutional procedures utilized in Broward County are abolished and the illegally and unconstitutionally issued capiases are voided.

This action seeks to permanently:

1)  Declare the procedure utilized in Broward County for the issuance of NIC capiases unconstitutional;

2)  Permanently enjoin the Broward State Attorney from instructing the Broward Clerk to issue NIC capiases;

3)  Enjoin the Broward Clerk from issuing NIC capiases without a judicial determination of probable cause;

4)  Enjoin the Broward Clerk from endorsing the bail amount on NIC capiases;

5)  Declare all unserved NIC capiases void;

6)  Require the Broward Clerk notify the Broward Sheriff of the voided NIC capiases without delay and daily; and

7)  Require the Broward Sheriff expeditiously remove all voided NIC capiases from the state and national criminal information databases.

## <u>RELEVANT CONSTITUTIONAL PROVISIONS, STATUTES, AND RULES</u>

### <u>CONSTITUTION OF THE UNITED STATES</u>

#### <u>Fourth Amendment</u>

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### <u>FLORIDA CONSTITUTION</u>

#### <u>Article I, section 12, Declaration of Rights</u>

**Searches and seizures**.—The right of the people to be secure in their persons… against unreasonable… seizures… shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit… the person… to be seized…

#### <u>Article I, section 15(a), Declaration of Rights</u>

**Prosecution for crime.—**No person shall be tried for capital crime without presentment or indictment by a grand jury, or for other felony without such presentment or indictment or an information under oath filed by the prosecuting officer of the court…

#### <u>Article V, section 16</u>

**Clerks of the circuit courts**.—There shall be in each county a clerk of the circuit court …

#### <u>Article V, section 17</u>

**State attorneys**.—In each judicial circuit a state attorney shall be elected for a term of four years. Except as otherwise provided in this constitution, the state attorney shall be the

prosecuting officer of all trial courts in that circuit and shall perform other duties prescribed by general law…

**Article VIII, section 1(d)**

**County officers.** There shall be elected by the electors of each county, for terms of four years, a sheriff … and a clerk of the circuit court.…

**FLORIDA STATUTES**

**Section 27.01**

**State attorneys; number, election, terms**.—There shall be a state attorney for each of the judicial circuits, who shall be elected at the general election by the qualified electors of their respective judicial circuits as other state officials are elected, and who shall serve for a term of 4 years.

**Section 27.02(1)**

**Duties before court.**—The state attorney shall appear in the circuit and county courts within his or her judicial circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal, in which the state is a party…

**Section 28.13**

**Papers and electronic filings.**—The clerk of the circuit court must maintain all papers and electronic filings in the clerk's office with the utmost care and security, storing them with related case files and affixing a stamp, which may be electronic, to each submission indicating the date and time that the submission was filed…

**Section 28.211**

**Clerk to keep docket.—**The clerk of the circuit court shall keep a progress docket in which he or she shall note the filing of each pleading, motion, or other paper and any step taken by him or her in connection with each action, appeal, or other proceeding before the court. The clerk may keep separate progress dockets for civil and criminal matters. The clerk shall keep an alphabetical index, direct and inverse, for the docket.

**Section 30.15**

**Powers, duties, and obligations.—**

(1)     Sheriffs, in their respective counties, in person or by deputy, shall:

(a)     Execute all process of the Supreme Court, circuit courts, county courts, and boards of county commissioners of this state, to be executed in their counties.

(b)     Execute such other writs, processes, warrants, and other papers directed to them, as may come to their hands to be executed in their counties.

(c)     Attend all sessions of the circuit court and county court held in their counties.

(d)     Execute all orders of the boards of county commissioners of their counties, for which services they shall receive such compensation, out of the county treasury, as said boards may deem proper.

(e)     Be conservators of the peace in their counties.

(f)     Suppress tumults, riots, and unlawful assemblies in their counties with force and strong hand when necessary.

(g)     Apprehend, without warrant, any person disturbing the peace, and carry that person before the proper judicial officer, that further proceedings may be had against him or her according to law.

8

(h)      Have authority to raise the power of the county and command any person to assist them, when necessary, in the execution of the duties of their office; and, whoever, not being physically incompetent, refuses or neglects to render such assistance, shall be punished by imprisonment in jail not exceeding 1 year, or by fine not exceeding $500.

(i)      Be, *ex officio*, timber agents for their counties.

(j)      Perform such other duties as may be imposed upon them by law.…

### Section 901.01

**Judicial officers have committing authority.—**

Each state judicial officer is a conservator of the peace and has committing authority to issue warrants of arrest, commit offenders to jail, and recognize them to appear to answer the charge…

### Section 901.02

**Issuance of arrest warrants.—**

(1)      A judge, upon examination of the complaint and proofs submitted, if satisfied that probable cause exists for the issuance of an arrest warrant for any crime committed within the judge's jurisdiction, shall thereupon issue an arrest warrant signed by the judge with the judge's name of office.

(2)      The court may issue a warrant for the defendant's arrest when all of the following circumstances apply:

(a)      A complaint has been filed charging the commission of a misdemeanor only.

(b)      The summons issued to the defendant has been returned unserved.

(c)      The conditions of subsection (1) are met.

(3)     A judge may electronically sign an arrest warrant if the requirements of subsection (1) or subsection (2) are met and the judge, based on an examination of the complaint and proofs submitted, determines that the complaint:

(a)     Bears the affiant's signature, or electronic signature if the complaint was submitted electronically.

(b)     Is supported by an oath or affirmation administered by the judge or other person authorized by law to administer oaths.

(c)     If submitted electronically, is submitted by reliable electronic means.

**Section 901.04**

**Direction and execution of warrant.—**

Warrants shall be directed to all sheriffs of the state…

## FLORIDA RULES OF CRIMINAL PROCEDURE

### Rule 3.120

**Committing Judge**

Each state and county judge is a committing judge and may issue a summons to, or a warrant for the arrest of, a person against whom a complaint is made in writing and sworn to before a person authorized to administer oaths, when the complaint states facts that show that such person violated a criminal law of this state within the jurisdiction of the judge to whom the complaint is presented. The judge may take testimony under oath to determine if there is reasonable ground to believe the complaint is true. The judge may commit the offender to jail, may order the defendant to appear before the proper court to answer the charge in the complaint, or may discharge the defendant from custody or from any undertaking to appear. The judge may authorize the clerk to issue a summons.

### Rule 3.121

**Arrest Warrant**

(a)     Issuance. An arrest warrant, when issued, shall:

    (1)     be in writing and in the name of the State of Florida;

    (2)     set forth substantially the nature of the offense;

    (3)     command that the person against whom the complaint was made be arrested and brought before a judge;

    (4)     specify the name of the person to be arrested or, if the name is unknown to the judge, designate the person by any name or description by which the person can

11

be identified with reasonable certainty, and include a photograph if reasonably available;

(5)     state the date when issued and the county where issued;

(6)     be signed by the judge with the title of the office; or, may be electronically signed by the judge if the arrest warrant bears the affiant's signature, or electronic signature, is supported by an oath or affirmation administered by the judge, or other person authorized by law to administer oaths, and, if submitted electronically, is submitted by reliable electronic means; and

(7)     for offenses where a right to bail exists, set the amount of bail or other conditions of release, and the return date.


**Rule 3.131(j)**

**Issuance of Capias; Bail Specified**

On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately or when so directed by the prosecuting attorney, a capias for the arrest of the person. Upon the filing of the indictment or information, the judge shall endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant's first appearance hearing. This endorsement shall be made on the capias and signed by the judge.

12

**Rule 3.140**

**Indictments; Informations**

**(a)     Methods of Prosecution.**

> **(1)     Capital Crimes.** An offense that may be punished by death shall be prosecuted by indictment.

> **(2)     Other Crimes.** The prosecution of all other criminal offense shall be as follows:

In circuit courts and county courts, prosecution shall be solely by indictment or information, except that prosecution in county courts for violations of municipal ordinances and metropolitan county ordinances may be by affidavit or docket entries and prosecutions for misdemeanors, municipal ordinances, and county ordinances may be by notice to appear… A grand jury may indict for any offense.…

…

**(g)     Signature, Oath, and Certification; Information**.

An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution.…

…

**(l)      Custody of Indictment or Information.**

Unless the defendant named therein has been previously released on a citation, order to appear, personal recognizance, or bail, or has been summoned to appear, or unless otherwise ordered by the court having jurisdiction, all indictments or informations and the records thereof shall be in the custody of the clerk of the court to which they are presented and shall not be inspected by any person other than the judge, clerk, attorney general, and prosecuting attorney until the defendant is in custody or until 1 year has elapsed between the return of an indictment or the filing of an information, after which time they shall be opened for public inspection.

## JURISDICTION AND VENUE

1)      This class action is brought pursuant to 42 U.S.C. § 1983 for relief from violations of their Fourth and Fourteenth Amendment rights under the Constitution and pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.1.

2)      This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1651 (All Writs Act) and 28 U.S.C. §§ 1331 and 1343(a).

3)      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims occurred in this district in Broward County, Florida.

## PARTIES

4)      Defendant BRENDA F. FORMAN ("Broward Clerk"), is sued in her official capacity as Clerk of Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida. The Clerk is a Florida constitutional officer, pursuant to Article V, section 16 of the Florida Constitution. The Clerk does not enjoy immunity from this suit in federal court, seeking injunctive and declaratory relief from violations of the constitutional rights of Plaintiffs and Class Members. BRENDA F. FORMAN is the final policymaker for running and administering the Office of the Clerk of Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida.

5)      Defendant HAROLD F. PRYOR ("Broward State Attorney"), is sued in his official capacity as State Attorney for the Seventeenth Judicial Circuit, in and for Broward County, Florida. The State Attorney is a Florida constitutional officer, pursuant to Article V, section 17 of the Florida Constitution. The State Attorney does not enjoy immunity from this suit in federal court, seeking injunctive and declaratory relief from violations of the violations of the constitutional rights of Plaintiffs and Class Members. HAROLD F. PRYOR is the final policymaker for running and

15

administering the Office of the State Attorney for the Seventeenth Judicial Circuit, in and for Broward County, Florida.

6)      Defendant GREGORY TONY ("Sheriff") is sued in his official capacity as Sheriff, in and for Broward County, Florida, The Sheriff is a Florida constitutional officer, pursuant to Article VIII, section 1(d) of the Florida Constitution. The Sheriff does not enjoy immunity from this suit in federal court, seeking injunctive and declaratory relief from violations of the constitutional rights of Plaintiffs and Class Members. GREGORY TONY is the final policymaker for running and administering the Office of the Sheriff, in and for Broward County, Florida.

7)(a)    Plaintiff JOHN DOE is *sui juris.* Plaintiff John Doe is proceeding anonymously. The Broward State Attorney filed an Information charging John Doe with a violation of the criminal law of the State of Florida. John Doe is neither in custody nor is at large on bail for the offense charged in the Information. Upon the filing of the Information, the Broward State Attorney issued instructions to the Broward Clerk to issue a capias warrant for the arrest of JOHN DOE. The Broward Clerk, in compliance of the instructions of the Broward State Attorney, issued the capias and set an amount of bail for the capias without the authorization of a neutral and detached magistrate who made a finding of probable cause. The capias remains unexecuted and not served.

(b)     Plaintiff JANE ROE is *sui juris.* Plaintiff Jane Roe is proceeding anonymously. The Broward State Attorney filed an Information charging Jane Roe with a violation of the criminal law of the State of Florida. Jane Roe is neither in custody nor is at large on bail for the offense charged in the Information. Upon the filing of the Information, the Broward State Attorney issued instructions to the Broward Clerk to issue a capias warrant for the arrest of JANE ROE. The Broward Clerk, in compliance of the instructions of the Broward State Attorney, issued the capias and set an amount of bail for the capias without the authorization of a neutral and detached magistrate who made a finding of probable cause. The capias remains unexecuted and not served.

16

## **FACTUAL ALLEGATIONS**

8)      In Florida, the State Attorney is a constitutional officer and the prosecuting officer of all trial courts in the judicial circuit of the State Attorney. Art. V, section 17, Florida Const.

9)      Harold F. Pryor is the State Attorney of the Seventeenth Judicial Circuit of Florida which is Broward County.

10)      Among the duties of Pryor as State Attorney is to appear in the circuit and county courts within the Seventeenth Judicial Circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal, in which the state is a party. Section 27.02(1), Florida Statutes.

11)      The State Attorney possesses the authority to issue Informations for the prosecutions of felonies. Art. I, section 15(a), Fla. Const.; Florida Rule of Criminal Procedure 3.140(g).

12)      An Information charging the commission of a felony must be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. Article I, section 15(a), Fla. Const.; Florida Rule of Criminal Procedure 3.140(a) & (g).

13)      Florida judges possess the authority to issue arrest warrants. Sections 901.01, 901.02, and 901.04, Fla. Stat.; Fla. R. Crim. Pro. R. 3.120, 3.121(a), and 3.131(j).

14)      Before a Florida judge can issue an arrest warrant, the judge must examine the sworn complaint and be satisfied that probable cause exists for the issuance of an arrest warrant for a crime committed within the judge's jurisdiction. Section 901.02, Fla. Stat.; Fla. R. Crim. Pro. R. 3.120.

17

15)     The same determination is mandated by the Fourth and Fourteenth Amendments. Fourth Amendment probable-cause requirements before a warrant for arrest or search can issue mandate that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. Amend. IV, U.S. Const.; *see also* Art. I, section 12, Fla. Const.

16)     While the terms "capias warrant" ["capias"] and "arrest warrant" are often used interchangeably, there are fundamental differences between the two. The capias warrant is typically issued by the court after formal charges have been filed against the defendant. An arrest warrant is a court order to take the person into custody before formal charges are filed.

17)     In Florida, when a prosecutor files an Information charging the commission of a crime, except a capital offense, Fla. R. Crim P. 3.131(j) establishes a procedure for the issuance of a capias warrant for the arrest of the person named in the Information when the person is not in custody, or is at large on bail for the offense charged. This type of Information is known as a "Not in Custody Information" or "NIC Information."

18)     In Florida, a capias warrant issued based upon the filing of an NIC Information, is known as a "Not in Custody capias" or "NIC capias."

19)     A capias is lawfully issued by the clerk of the court solely upon the order of the court.

20)     The state rule procedure established in Fla. R. Crim P. 3.131(j) mandates that a judge determine whether probable cause exists for the issuance of the capias, and, if so determined, the judge orders the issuance of a capias by the clerk. The judge then endorses the amount of bail on the capias and signs the capias.

21)     The state rule procedure categorically establishes that only a judge can determine the amount of bail endorsed on a NIC capias. The Clerk does not have that authority by any rule of procedure and by statute. Chapter 28, Fla. Stat.

22)     The authority granted to the Clerk by Chapter 28 is solely ministerial and not discretionary. The Clerk is not granted judicial powers under Florida law.

23)     Constitutionally, the Clerk cannot act as a neutral and detached magistrate. Amend. IV, U.S. Const.

24)     The Florida procedure comports with the requirements and mandates of the Fourth and Fourteenth Amendment. The Fourth Amendment mandates that before an NIC capias or any arrest warrant can be issued, a neutral and detached magistrate must make a determination that probable cause exists that the crime or crimes alleged in the Information were committed by the named putative defendant.

25)     Although the state rule procedure requires the judicial evaluation and determination of probable cause before a warrant can be issued and an amount of bail endorsed on the capias, the procedure used in Broward County is contrary to the state rule and the Broward procedure also violates the Fourth and Fourteenth Amendments.

26)     In Broward County, for at least the past 40 years, when the Broward State Attorney filed an Information, the Broward State Attorney simultaneously filed an Instruction Sheet to the Broward Clerk.

27)     In the Instruction Sheet, the Broward State Attorney directs the Broward Clerk to immediately issue a capias for the charge or charges filed in the Information.

28)     Florida Rule of Criminal Procedure 3.131(j) does not grant the authority to the State Attorney to instruct the Clerk to issue a capias.

29)     As a member of the executive branch of government, and not a neutral and detached magistrate, the State Attorney violates the Fourth Amendment by making a determination of the existence of probable cause by ordering the Clerk to issue the capias. The State Attorney does not

have the legal and constitutional authority to determine whether probable cause exists to permit the issuance of a capias nor does it have the authority to instruct the Clerk to issue a capias. In addition to violating the Fourth Amendment, the actions also violate the Florida Rule of Criminal Procedure 3.131(j).

30)     By instructing the Clerk to issue capiases, a prosecutor acts *ultra vires* of the authority granted as a member of the executive branch of government. The prosecutor, in violation of the Fourth Amendment, usurps the authority of the magistrate by making the determination that probable cause exists and by instructing the Clerk to issue the capias.

31)     In addition to not having the legal and constitutional authority to issue a NIC capias without the determination of probable cause by a judge, a Clerk also does not have the legal authority nor constitutional authority to endorse the amount of bail on a NIC capias.

32)     The Broward Clerk unconstitutionally and illegally followed and continues to follow the dictates/instructions of the Broward State Attorney for the issuance of a NIC capias. Additionally, the Broward Clerk unconstitutionally endorsed and continues to endorse the amounts of bail on each capias without a judicial order. Before a warrant for either arrest or search can issue, the probable-cause requirement of the Fourth Amendment requires the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the issuance of the warrant.

33)     A Clerk acts *ultra vires* in violation of the Fourth Amendment by issuing a capias and endorsing the bail without the approval and authorization of a neutral and detached magistrate.

34)     In addition to the fact that a Clerk is not a neutral and detached magistrate, the Broward Clerk never examines the affidavit in any manner to determine whether the Fourth

20

Amendment requirements are met. Instead, the Broward Clerk mechanically endorses the bail amount on the capias at the direction of the Broward State Attorney.

35)     While a warrant is a judicial mandate to an officer to make an arrest and a law enforcement officer has a sworn duty to carry out its provisions, in this case the warrant *qua* NIC capias is not a judicial mandate because it is not issued by a judge.

36)     As a member of the executive branch of government, and not a neutral and detached magistrate, the State Attorney violates the Fourth Amendment by making a determination of the existence of probable cause. The State Authority does not have the legal and constitutional authority to determine whether probable cause exists to permit the issuance of a capias; nor does the State Attorney have the authority by to instruct the Clerk to issue a capias. In addition to violating the Fourth Amendment, the actions also violate Florida Rule of Criminal Procedure 3.131(j).

37)     The State Attorney is a government law enforcement officer engaged in the enterprise of ferreting out crime. As a government law enforcement officer the State Attorney is not a neutral and detached magistrate.

38)     The requirement of probable cause is not met when a Broward Deputy Clerk types the information from the Broward State Attorney's Instruction Sheet to a capias, endorses the bail amount, and signs the capias in the name of the Broward Clerk.

39)     For at least the past 42 years, virtually all Broward NIC Informations have had unconstitutional arrest warrants *qua* NIC capias warrants issued.

40)     These unconstitutional procedures for the issuance of NIC capiases of the Broward State Attorney and the Broward Clerk are the customs and policies of the respective offices.

41)     In the 5 year period from September 18, 2016 to September 17, 2021, more than 8,000 persons were arrested pursuant to unconstitutionally issued NIC capiases. This was determined on a basis of an audit of the public records of the Broward Clerk.

42)     An audit of the records of the Broward Clerk for the period September 18, 2016 to September 17, 2020 conducted October 21, 2021, establishes that there are over 700 Broward NIC capiases which were issued in violation of the Fourth Amendment which remain unserved.

43)     Florida Rule of Criminal Procedure 3.140(l) stipulates that all NIC informations and capiases remain confidential until the defendant is in custody or until one year elapsed since the filing of the Information.

44)     Accordingly, it is not possible, for persons who have unserved unconstitutionally issued NIC capiases to seek to have them quashed. The Informations (and, in turn capiases) issued within the past year are confidential (sealed). There is no way for a person who is the target of an unconstitutional sealed capias issued in the past year to ascertain that the capias exists.

45)     Therefore, that person cannot initiate an action to quash the arrest warrant because of the lack of knowledge of its existence. Consequently, individual actions cannot be used to quash the warrant.

46)     Based on examination of the Broward Clerk's public records, from previous time periods, it is believed that at least several hundred unserved NIC capias exist which were issued within the past year. This number does not remain static as there are capiases being served and new capiases being issued.

47)     When a NIC capias is issued, the Broward Clerk provides a copy to the Broward Sheriff.

48)     The Broward Sheriff inputs the capiases into the Florida Crime Information Center (FCIC) which is the State of Florida's primary law enforcement/criminal justice information system and database. It provides access to federal, state, and local criminal justice agencies.

49)     The National Crime Information Center (NCIC) is a computerized index of criminal justice information (*i.e.*- criminal record history information, fugitives, stolen properties, missing persons). It is available to federal, state, and local law enforcement and other criminal justice agencies and is operational 24 hours a day, 365 days a year. The NCIC system is used to provide a computerized database for ready access by a criminal justice agency making an inquiry and for prompt disclosure of information in the system from other criminal justice agencies about crimes and criminals. This information assists authorized agencies in criminal justice and related law enforcement objectives.

50)     The FCIC is connected to the NCIC database. This connection allows criminal justice agencies who have access to the NCIC to retrieve information regarding capiases and warrants stored in the FCIC database.

51)(a)  A warrant/capias remains as active in the FCIC and NCIC systems until it is removed by the Broward Sheriff's office which inputted the data into the system. The capias becomes inactive by showing it has having been served or by showing that it has been voided or otherwise withdrawn.

51(b)   The Sheriff entered the capiases of DOE and ROE into the NCIC/FCIC system. The capiases remain active at this time.

52)     The remedy for the unconstitutional issuance of the NIC capiases is to void or withdraw all the unconstitutionally issued NIC capiases.

53)     Under procedures established by the Broward Clerk, when a capias for arrest is withdrawn or voided, an employee of the Broward Clerk makes an entry in a computer and provides

the Broward Sheriff with a daily report listing all such withdrawals. Upon receipt of the daily report the Broward Sheriff removes the unserved capiases from the FCIC and NCIC systems/databases.

54)     Unless the unserved capiases are removed from the FCIC and NCIC systems/databases, voiding them will not eliminate the potential of having a person arrested on an unserved unconstitutional NIC capias

55)     For a matter of completeness, the manner in which the Broward Clerk arrives at the amount of bail it endorses on the capiases is as follows.

56)     The Chief Judge of the Seventeenth Judicial Circuit Administrative issued Administrative Order No. 2019-98-Crim titled "Administrative Order Establishing a Bond Schedule" [Bond Schedule].[2] It is in effect at this time and has been in effect since 2019. The Bond Schedule is published online at: http://www.17th.flcourts.org/wp-content/uploads/2019/12/2019-98-Crim.pdf.

57)     Typically, when a person is arrested and booked at the Broward jail, the arrestee has the opportunity to post bail at the amount designated in the bond schedule for the crime charged.[3] The Bond Schedule was created as a convenient method by which arrestees could be bonded instead of waiting for the first appearance judge to set the bail after making a determination of probable cause. Hence, it is also called a convenience bond.

---

[2]Similar schedules have existed over the years. The differences are the addition of offenses as they are legislated or the change of the amount of bail for an offense.

[3]Some offenses, including crimes punishable by death or life imprisonment, do not have a convenience bail amount. Others because of the nature of the charges (*e.g.,* residential burglary and domestic violence), no convenience bond amount exists and an amount of bail must be determined by the magistrate at the first appearance hearing.

58)     The bond schedule is solely applicable to individuals arrested and taken into custody in Broward County. Nothing in the order grants the authority to the Broward Clerk to endorse a bail amount for any charge on an NIC capias.

59)     Nonetheless, the Broward Clerk endorses the NIC capias with the amount of bail designated for the charge on the Bond Schedule. By endorsing the amount of bail on the NIC capias, the Broward Clerk is acting *ultra vires* and without legal authority. The Broward Clerk is using a method for determining the amount of bond not authorized for that purpose.

60)     PLAINTIFFS JOHN DOE and JANE ROE are listed as anonymous plaintiffs because, among other reasons:

(a)     The litigation involves matters that are highly sensitive and of a personal nature which include that the anonymous plaintiffs are wanted persons and the nature of the accusations made;

(b)     Identifying an anonymous plaintiff alerts the DEFENDANTS so that they can arrest the anonymous plaintiff on the capias warrant which will cause each anonymous person not to be able to remain a plaintiff because the issued capias would be served;

(c)     Identifying an anonymous plaintiff makes that person particularly vulnerable to possible harm from disclosure as it facilitates unknown individuals to take vigilante action; and

(d)     The suit is challenging actions of government.

25

## CLASS ACTION ALLEGATIONS

61)     PLAINTIFFS brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and a class of similarly situated individuals. PLAINTIFFS are known as the representative parties.

62)     The representative parties seek to represent a class of individuals for whom unserved felony Not in Custody (NIC) capiases:

> (i)     were issued by the Broward Clerk at the directions/instructions of the Broward State Attorney without the approval and authorization of a neutral and detached magistrate who made a determination that probable cause existed that the crime or crimes alleged in the Not in Custody (NIC) Information were committed by the named putative individual; and/or
>
> (ii)    had bail amounts endorsed on the NIC capiases by the Broward Clerk without the authorization of a neutral and detached magistrate.

63)      This action has been brought and may properly be maintained as a class action under federal law. It satisfies the numerosity, commonality, typicality, and adequacy requirements for maintaining a class action under Federal Rule of Civil Procedure 23(a).

64)     Based on the audit as well as information and belief, there are at least 700 individuals in the proposed class.[4]

65)     Based on information and belief all persons described in ¶ 62(i) are also described in ¶ 62(ii).

---

[4]There are over 700 individuals for the period of issuance of September 18, 2016 through September 17, 2020. Based on that analysis, it appears there are over 150 more individuals for the time period of September 18, 2020 to date for a total of 850 individuals.

66)     Based on the audit as well as information and belief, over the past 40 years more than 10,000 individuals were arrested on NIC capiases as described in ¶ 62(i) and/or the bail amount was endorsed as described in ¶ 62(ii). The Broward unconstitutional procedure has been utilized since at least 1980.

67)     Based on information and belief virtually all persons in the proposed class are unaware that the NIC capias for them exists because people do not regularly check the Broward Clerk's public records including the Broward Clerk's website to ascertain whether a warrant exists for them and the Information remains sealed for the year after the Information is filed.

68)     The proposed class includes future members because, virtually on a daily basis, the Broward State Attorney files new NIC Informations. Consequently, the Broward Clerk issues NIC capiases as described in ¶ 62(i) and endorses the bail amounts as described in ¶ 62(ii).

69)     The SHERIFF has entered the capiases of all class members into the NCIC/FCIC system. The capiases remain active at this time. As new NIC capiases are issued the Sheriff enters those capiases into the NCIC/FCIC system.

70)     Joinder is impracticable because (1) the proposed class is numerous; (2) the proposed class includes future members; and (3) there are proposed class members who are unaware that their Fourth and Fourteenth Amendment rights have been violated.

71)     Common questions of law and fact exist as to all members of the proposed class: All are at risk of being arrested on a warrant *qua* NIC capias which was unconstitutionally issued by the Broward Clerk as described in ¶ 62(i) and/or where the Broward Clerk unconstitutionally endorsed the amount of bail on the capias as described in ¶ 62(ii).

72)     The common questions include:

a)      Whether the Broward State Attorney upon filing an Information, where the person named therein is not in custody or at large on bail for the offense charged, has the authority to instruct the Broward Clerk to issue a capias without a determination of probable cause by a neutral and detached magistrate that the crime or crimes alleged in the Information were committed by the named putative defendant.

b)      If the answer is in the negative, did that action violate the Fourth Amendment rights of the person named in the capias.

c)      Whether the Broward Clerk had the authority to issue a NIC capias without a determination of probable cause by a neutral and detached magistrate that the crime or crimes alleged in the Information were committed by the named putative defendant.

d)      If the answer is in the negative, did that action violate the Fourth Amendment rights of the person named in the capias.

e)      Whether the Broward Clerk had the authority to endorse an amount of bail on the NIC capias without an order of a neutral and detached judge.

f)      If the answer is in the negative, did that action violate the Fourth Amendment rights of the person named in the capias.

73)     The claims or defenses of the representative parties are typical of the claims or defenses of the proposed class.

74)     The representative parties have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the class. The representative parties have no interest adverse to the interests of the proposed class. The representative parties retained

28

counsel with experience and success in the prosecution of civil rights and class action litigation. Counsel for the representative parties knows of no conflicts among proposed class members or between counsel and proposed class members.

75)      DEFENDANTS FORMAN, PRYOR, and TONY acted on grounds applicable to all proposed class members, and this action seeks declaratory and injunctive relief. The representative parties therefore seek class certification under Rule 23(b)(2).

76)      In the alternative, the requirements of Rule 23(b)(1) are satisfied because litigating separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the parties opposing the proposed class.

## CAUSE OF ACTION

For their cause of action PLAINTIFFS state:

77)     PLAINTIFFS reallege and readopt the allegations of paragraphs 1 through 76 as fully set forth here.

78)     The official policy, practice, and custom of the Broward Clerk and Broward State Attorney in issuing NIC capiases and setting the bail amount in Broward County violate the Fourth Amendment rights of PLAINTIFFS.

79)     It is the official policy, practice and custom of the Broward Sheriff to receive the NIC capias warrants issued unconstitutionally by the Broward Clerk at the direction of the Broward State Attorney and to enter those NIC capiases into the NCIC/FCIC system without questioning the validity of the capias warrants.

80)     Each PLAINTIFF faces an ongoing risk that his/her Fourth Amendment rights will be violated if the PLAINTIFF is arrested on the NIC capias with the bail set by the Broward Clerk which had been issued in violation of the Fourth Amendment pursuant to the Broward procedure.

81)     The only practical way to prevent the PLAINTIFFS from being arrested unconstitutionally is to void the illegally and unconstitutionally issued NIC capias warrants.

82)     Voiding the NIC capias warrants is insufficient to remedy the effects of the unconstitutionally issued capias warrants. If the voided capias warrants remain in the NCIC/FCIC system, law enforcement would remain instructed to arrest the PLAINTIFF on the voided capias warrant.

83)     Only the Broward Sheriff has the authority and capacity to remove the entries of the voided capias warrants from the NCIC/FCIC system.

30

84)     PLAINTIFFS seek injunctive and declaratory relief against DEFENDANTS to prevent the continued violation of the rights of PLAINTIFFS and the class they represent.

85)     If the Broward STATE ATTORNEY and Broward CLERK are not enjoined from continuing their unconstitutional practice of issuing capiases and setting bail according to the Broward procedure, additional persons will be facing the same danger as PLAINTIFFS, to-wit: being arrested on unconstitutionally issued capias arrest warrants.

WHEREFORE, PLAINTIFFS and proposed Class Members request this Court:

A.      Certify this case as a class action and certify the proposed Class;

B.      Enter an order declaring that the procedure used by the Broward State Attorney and Broward Clerk of the Court in Broward County to issue NIC capiases and to endorse the amount of bail on the capiases violates the Fourth Amendment to the United States Constitution.

C.      Enter a temporary restraining order, preliminary injunction, and permanent injunction requiring:

i)      the Broward State Attorney to cease issuing instructions to the Broward Clerk for the issuance of NIC capias warrants after the Broward State Attorney files a NIC Information.

ii)     the Broward State Attorney and Broward Clerk to only use the procedure established in Rule 3.131(j) for the issuance of NIC capiases and the endorsements of the amount of bail on the capiases.

iii)    the Broward Clerk to expeditiously void all unserved NIC capias warrants where there was no determination of probable cause by a neutral and detached magistrate.

iv)    the Broward Clerk to expeditiously void all unserved NIC capias warrants where the Broward Clerk endorsed an amount of bail on the capias without authorization.

v)    the Broward Clerk to expeditiously provide the Broward Sheriff with a daily report listing all capiases voided each day.

vi)    the Broward Sheriff to expeditiously remove the list of voided unserved capiases from the FCIC and NCIC systems/databases.

D.    Retain jurisdiction over this case until the Defendants have fully complied with the orders of this Court and there is a reasonable assurance that they will continue to comply in the future, absent continuing jurisdiction.

E.    Award attorney fees and costs to Plaintiffs's counsel, pursuant to 42 U.S.C. § 1988 and other applicable law.

F.    Grant any further relief this Court deems appropriate.


GARY KOLLIN, P.A.
Counsel for PLAINTIFFS
1856 N. Nob Hill Road, Suite 140
Ft. Lauderdale, FL 33322
Telephone:    (954) 723-9999
Fax:    (954) 791-6565
garykollin@garykollinlaw.com
pleadings@garykollinlaw.com

By: /s/ *Gary Kollin*
Florida Bar No. 282431

32