UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-62523-CIV-WILLIAMS

JOHN DOE, individually, JANE ROE, individually, and
DIESMA PREVIL a/k/a DESMA PREVIL, individually,
and on behalf of others similarly situated,

    Plaintiffs,

v.

BRENDA FORMAN, as Clerk of the Court;
HAROLD PRYOR, as State Attorney; and
GREGORY TONY, in his capacity as Sheriff of
Broward County, Florida,

    Defendants.
_____/

## DEFENDANT HAROLD PRYOR'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

    Defendant, HAROLD PRYOR, as Broward County State Attorney ("Broward SA"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 12(b) and S.D. Loc. Rule 7.1, hereby moves to dismiss Plaintiff's Amended Complaint (ECF 41) with prejudice. The Broward SA also joins the arguments in the Broward County Clerk of Courts' ("Broward Clerk") Motion to Dismiss addressing Plaintiffs' lack of standing and Plaintiffs' allegation of an unconstitutional policy or custom of the Broward SA and Broward Clerk.

**I.**     **Plaintiffs' Allegations**

    Plaintiffs have amended their complaint in this purported civil rights class action lawsuit challenging actions, policies, and practices of the Broward SA, the Broward Clerk, and the Broward Sheriff's Office ("Broward Sheriff") (collectively, "Defendants") regarding the issuance of arrest warrants and setting of bail for those warrants without a pre-arrest determination of

probable cause by a neutral and detached magistrate. Plaintiffs continue to claim that issuance of warrants in the manner utilized by Defendants violates the Fourth and Fourteenth Amendments to the Unites States Constitution. The Plaintiffs allege that they are individuals with outstanding arrest warrants where "capias warrants were issued[.]" [ECF 41 at p. 3].

Plaintiffs' Amended Complaint is substantially the same as their original Complaint, although non-anonymous Plaintiff Diesma Previl a/k/a Desma Previl has been added, who claims to have been arrested in Indiana "by virtue of [a no bond] not in custody capias" issued in Broward County. *Id*. at ¶ 7(c). Plaintiff Previl claims to be awaiting extradition to Florida and Broward County, and that he has not had a probable cause hearing in over a month because "[t]he authorities in Indianapolis presumed that a probable cause determination had been made at the time of the issuance of the capias" in Broward County. *Id*. Plaintiffs also now acknowledge the procedure[1] for issuance of capias and other warrants in which a probable cause determination is made promptly <u>after</u> arrest, but maintain that any such procedure is inherently violative of the Fourth Amendment "because they were issued without a [prior] determination of probable cause by a neutral and detached judicial officer." *Id*. at ¶ 44.

Inexplicably, Plaintiffs have maintained the format of the original complaint, beginning with a now lengthier (six-page) "Preliminary Statement" that appears to randomly include a section of a state statute, a rule of Florida criminal procedure, a part of the requirements for certifying a class, and concludes with a list of remedies Plaintiffs seek. *Id*. at pp. 2-7. This is again followed by (now ten) pages of uncontextualized references to multiple provisions of the federal and Florida Constitutions, the Florida statutes, and Florida Rules of Criminal Procedures. *Id*. at pp. 8-17. Again, much of the Amended Complaint is a restatement of the original Complaint, though

---

[1] Specifically, §§ 932.47 and 932.48, Fla. Stat.

Plaintiffs very selectively respond to—and also selectively ignore—arguments raised in the Broward SA's motion to dismiss Plaintiffs' initial Complaint.

For instance, and as detailed below, though Plaintiffs acknowledge the existence of the practice of providing for a prompt post-arrest probable cause determination and its support in the Florida Statutes, they do not recognize the legitimacy either of those statutes or the U.S. Supreme Court precedents finding such post-arrest probable cause determinations to be in conformity with the requirements of the Fourth Amendment. Plaintiffs claim the two procedures "are mutually exclusive" (*id*. at p. 3) and completely ignore both the Supreme Court cases upholding the latter procedure and Fla.R.Crim.P. 3.133, which also provides for the two probable cause determinations utilized across the State of Florida. Plaintiffs refer to §§ 932.47 and 932.48 as "unconstitutional" throughout the Amended Complaint. Ultimately, and without any support other than the conclusory statement that "to do otherwise would render the statutory scheme unconstitutional" (*id*. at p. 4), Plaintiffs assert that only the procedures in § 901.02, Fla. Stat. and Fla.R.Crim.P. 3.131(j) are constitutionally valid, though Plaintiffs continue to read a probable cause determination requirement that does not exist into the latter (ECF 41 at p. 5), and ignore the former's applicability to misdemeanor offenses.

Plaintiffs main complaint against the Broward SA remains that the "procedures" used by the Defendants regarding capias warrants are "in contravention of the Fourth and Fourteenth Amendments and the established Florida procedures" (*id*. at p. 7), and only a judge/magistrate can instruct issuance of a capias or determine the amount of bail endorsed on a Not in Custody ("NIC") capias. *See*, *id*. at p. 24. Plaintiffs continue to claim that "[b]y instructing the Broward Clerk to issue the capiases, the Broward prosecutor acts *ultra vires* of the authority granted as a member of the executive branch of government." *Id*. at pp. 2, 7. "The Broward prosecutor, in violation of the

Fourth Amendment, usurps the authority of the magistrate by making the determination that probable cause exists and by instructing the Broward Clerk to issue the capias." *Id*.

Plaintiffs also continue to rely on a wholly unidentified "audit of the public records of the Broward Clerk" (see i*d*. at pp. 6-7, ¶¶ 46-47, 102, 104), and later, an "examination" (*id*. at ¶ 53), and "information and belief" (*id*. at ¶¶ 73, 102-105) about capias warrants issued and arrests resulting therefrom. Plaintiffs claim that "it is estimated that over the past 40 years, more than 50,000 persons were arrested on capiases that were illegally and unconstitutionally issued", that there are more than "700 unconstitutionally issued capiases which are unserved and were issued during the period September 18, 2016 to September 17, 2020", and that "there are at least several thousand more unconstitutionally issued unserved capiases." *Id*. at p. 6.

Plaintiffs' sole count or "Cause of Action", beginning on p. 39, again purports to plead that cause of action against all Defendants without stating what the cause of action is other than a general violation of the Fourth Amendment, alleging with respect to the Broward SA that "[t]he official policy, practice, and custom of the … Broward State Attorney in issuing NIC capiases … violate[s] the Fourth Amendment rights of PLAINTIFFS and the proposed class members." *Id*. at ¶ 116. The remainder of the Complaint contains another listing of the remedies sought by Plaintiffs.

## MEMORANDUM OF LAW

**II.     Legal Standard**

When reviewing a complaint, the court takes the factual allegations made as true. *See*, *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Rule 8(a) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a complaint is not adequate if it merely "offers 'labels and conclusions'" or "tenders 'naked assertions' bereft of 'further factual

enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Assumed-as-true factual allegations must cross "the line between possibility and plausibility." *Twombly*, 550 at 557; This plausibility standard requires more than a "sheer possibility" that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. *See also*, *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (It is not enough that a claim is able to be imagined, the applicable standard is that a claim must be plausible on its face, and is subject to dismissal when the facts pleaded do not meet this requirement.)

Also, while a plaintiff may plead upon information and belief, the court need not accept as true such allegations that lack sufficient facts to make the allegations plausible. *See*, *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Twombly*, 550 U.S. at 557). Although "information and belief pleading can sometimes survive a motion to dismiss ... [such as where] a plaintiff ... allege[s] specific facts to support a claim[, c]onclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the [plausibility] standard." *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, 522 F. Supp. 3d 1202, 1209 (S.D. Fla. 2021) (citation omitted); *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 2685605, at *4 (S.D. Fla. June 30, 2021). *See also*, *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) ("The mere fact that someone believes something to be true does not create a plausible inference that it is true.")

### III. Plaintiffs' Complaint Fails to Plead a Cause of Action

   a. <u>The Fourth Amendment Requires Judicial Determination of Probable Cause Prior to *or Promptly after* Arrest, and there is Therefore No Constitutional Violation</u>

As amended, Plaintiffs' complaint still fails to state a cause of action. Again, Plaintiffs main claim and complaint is that "[b]efore a Florida judge can issue an arrest warrant, the judge

must examine the sworn complaint and be satisfied that probable cause exists for the issuance of an arrest warrant for a crime committed within the judge's jurisdiction" (ECF 41 at ¶ 15) and that this is not being done by any of the Defendants. Further, Plaintiffs claim that "Florida Rule of Criminal Procedure 3.131(j) does not grant the authority to the State Attorney to instruct the Clerk to issue a capias" (*id*. at ¶ 25), and assert this is the only proper procedure for such issuance.

Although Plaintiffs Amended Complaint seems plainly to have been drafted in response to the Defendants arguments in their various motions to dismiss, Plaintiffs conspicuously fail or decline to respond to the arguments that are claim and even case dispositive. In particular, the United States Supreme Court has emphatically and decisively ruled regarding the timing of probable cause determinations, and the fundamental differences between those warrants deemed "judicial" as opposed to those that are by statute non-judicial and specifically "without leave or order of the court" (as detailed below), yet Plaintiffs do not even acknowledge these holdings and contend that any rule—statutory or judicial—that does not provide for a pre-arrest probable cause determination violates the Fourth and Fourteenth Amendments. These claims are plainly erroneous, and Plaintiffs continue to confuse or conflate unlike procedures for issuance and execution of warrants.

    1. *General Probable Cause Requirements*

As a preliminary, general, and controlling matter, while the Fourth Amendment requires timely judicial determination of probable cause as a prerequisite to detention of any significant duration, that determination does not have to be made before arrest; it may be made either before <u>or promptly after</u> arrest. Plaintiffs' claim that "[t]he Fourth Amendment mandates that before an NIC capias or any arrest warrant can be issued, a neutral and detached magistrate must make a determination that probable cause exists that the crime or crimes alleged in the Information were

committed by the named putative defendant" (ECF 41 at ¶ 36) is plainly incorrect under both the language of the Fourth Amendment itself and its jurisprudence.

Perhaps most pointedly, in the case *Gerstein v. Pugh*, a group of Florida prisoners brought a civil rights class action in federal court against various Dade County judicial and prosecutorial officials, claiming a constitutional right to a judicial hearing on the issue of probable cause for pretrial detention, requesting declaratory and injunctive relief. *Gerstein v. Pugh*, 420 U.S. 103 (1975). The U.S. Supreme Court granted the State Attorney's petition for writ of certiorari on the issue of, as here, "whether a person arrested and held for trial <u>under a prosecutor's information</u> is constitutionally entitled to a judicial determination of probable cause for pretrial restraint of liberty." *Id*. at 105 (emphasis added).

The Supreme Court held, in pertinent part, that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to an extended restraint of liberty following arrest, and the state prosecutor's assessment of probable cause did not <u>by itself</u> meet constitutional requirements. Additionally, the Florida procedures then in operation, whereby a person arrested without a warrant and charged by information could be jailed without an opportunity for a probable cause determination, was unconstitutional. *Id*. The timing problems with Florida's procedures at the time of *Gerstein* were articulated by the Court as:

> In Florida … [p]rosecutors may charge all other crimes [than capital offenses] by information, without a prior preliminary hearing and without obtaining leave of court. At the time respondents were arrested, a Florida rule seemed to authorize adversary preliminary hearings to test probable cause for detention in all cases. But the Florida courts had held that the filling [sic] of an information foreclosed the suspect's right to a preliminary hearing. ... The only possible methods for obtaining a judicial determination of probable cause were a special statute allowing a preliminary hearing <u>after 30 days</u> … and arraignment, which the District Court found was often delayed <u>a month or more after arrest</u>. As a result, a person charged by information could be detained for a substantial period solely on the decision of a prosecutor.

> *Id*. at 105-06 (citations omitted) (emphases added).

The Court ultimately held that the procedure for pretrial probable cause determination "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Id*. at 125 (emphasis added). Then, in *County of Riverside v. McLaughlin*, the Supreme Court reaffirmed its holding in *Gerstein*, particularly that the probable cause determinations must be prompt, though not immediate, and that a determination within 48 hours satisfied the *Gerstein* promptness requirement. *County of Riverside v. McLaughlin*, 500 U.S. 44, 54, 56 (1991). *See also*, *United States v. Cabezas-Montano*, 949 F.3d 567, 593 (11th Cir. 2020) ("Prior to *McLaughlin*, the Supreme Court held that the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention. Then, in *McLaughlin*, the Supreme Court ruled that 'a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirements of *Gerstein*.'" (citing *Gerstein*, 420 U.S. at 126) (quoting *McLaughlin*, 500 U.S. at 56).

Even that number is not a "hard and fast" one, as the *Cabezas-Montano* court found that "*McLaughlin* did not establish 48 hours as a per se outer limit." *Id*. *See*, *McLaughlin*, 500 U.S. at 56 ('[W]e hesitate to announce that the Constitution compels a specific time limit.'). Rather, in *McLaughlin*, the Supreme Court held that, generally, when a probable cause determination does not happen within 48 hours, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Cabezas-Montano*, 949 F.3d at 593.

In *Crane v. State of Tex.*, the Fifth Circuit Court of Appeals made the observations that:

> The petitioners in *Gerstein* were arrested without warrants on felony charges. Thus, as the trial court correctly noted, implicit in the Court's analysis in *Gerstein* is the premise that review by a neutral magistrate of any probable cause to arrest for a felony committed outside an arresting officer's presence need not precede the

<ins>arrest</ins>. *Gerstein* thus accepts the validity of a warrantless arrest upon probable cause for a felony and addresses the adequacy of its post-arrest review. In so doing, the *Gerstein* Court was scarcely breaking new ground; it has been established for centuries that felony arrests may be made without warrants upon probable cause. It is equally well established that the rule is otherwise for misdemeanor arrests.[2]

*Crane v. State of Tex.*, 759 F.2d 412, 424 (5th Cir. 1985) (internal citations omitted) (emphases added). "Given the validity of such arrests, it follows inescapably that judicial determinations of probable cause may follow, rather than precede, them." *Id*. at 425 (<ins>citing</ins> *United States v. Watson*, 423 U.S. 411, 417 (1976)). *See also*, *Gerstein*, 420 U.S. at 112 ("Maximum protection of individual rights could be assured by requiring a magistrate's review of the factual justification prior to any arrest, but such a requirement would constitute an intolerable handicap for legitimate law enforcement.")

  2. *Controlling Statutes and Rules*

In the face of such longstanding Supreme Court pronouncements, Plaintiffs allege that "regardless which method is used, the NIC capiases issued in Broward County were issued unconstitutionally in violation of the Fourth and Fourteenth Amendments because they were issued without [that is, before] a determination of probable cause by a neutral and detached judicial officer" (ECF 41 at p. 3) and "[n]otwithstanding the statutory wording, to do otherwise [than read a pre-arrest probable cause determination requirement into the arrest by information statute] would render the statutory scheme unconstitutional." *Id*. at p. 4. Moreover, "[b]y instructing the Clerk to issue capiases, a prosecutor acts ultra vires of the authority granted as a member of the executive branch of government … [and] usurps the authority of the magistrate by making the determination that probable cause exists and by instructing the Clerk to issue the capias" (*id*. at ¶ 19), and "[f]or

---

[2] In Florida, the "well established" rule for misdemeanors seems to be codified in § 901.02(2)(a), Fla. Stat., the statute Plaintiffs rely on for their contention that <ins>all</ins> warrants, including NIC capiases, require a pre-arrest probable cause determination by a detached and neutral magistrate. As noted in FN 3 below, however, Plaintiffs appear to have been charged with felonies.

at least the past 42 years, virtually all arrest warrants qua NIC capias warrants have been issued unconstitutionally in violation of the Fourth and Fourteenth Amendments because they were issued without a determination of probable cause by a neutral and detached judicial officer." *Id*. at ¶ 44.

As an initial matter, Plaintiffs have not established or even pled that any statute, rule of court, or case law explicitly prohibits the Broward SA (or Broward Clerk) from either filing informations or issuing capias or other warrants upon such filing. Plaintiffs do not even provide details about the procedure for filing of an information. Instead, Plaintiffs rely on the language of § 901.02, Fla. Stat., which does not address warrants issued pursuant to filing of informations and provides, in relevant part:

> (1)   A judge, upon examination of the complaint and proofs submitted, if satisfied that probable cause exists for the issuance of an arrest warrant for any crime committed within the judge's jurisdiction, shall thereupon issue an arrest warrant signed by the judge with the judge's name of office.
> (2)   The court may issue a warrant for the defendant's arrest when **all** of the following circumstances apply:
> (a)   A complaint has been filed charging the commission of a misdemeanor only.[3]
> (b)   The summons issued to the defendant has been returned unserved.
> (c)   The conditions of subsection (1) are met.
>
> § 901.02(1)-(2), Fla. Stat. (emphasis added); ECF 41 at ¶¶ 14-15.

Plaintiffs also cite and rely on Rule 3.120 of the Florida Rules of Criminal Procedure. [ECF 41 at ¶¶ 14-15, and p. 14]. That rule defines "committing judges" and details their authority. Plaintiffs continue to conflate the fundamental distinctions between "judicial" warrants and those that do not require a prior probable cause determination, as recognized in *Gerstein* and numerous other cases, as well as controlling Florida Statutes, some of which Plaintiffs now acknowledge but summarily (and conclusorily) dismiss as "unconstitutional".

---

[3] Plaintiff Previl has been charged "with a felony violation of the criminal law of the State of Florida[.]" [ECF 41 at ¶ 7(c)(1)]. It appears almost certain that the other Plaintiffs have also been charged with felonies. See, *id*. at ¶ 100, and also ¶¶ 12-13, 16, and 91. As noted in § 901.02, Fla. Stat. above, an arrest warrant is generally required before arresting on a misdemeanor charge. See also, *Crane*, 759 F.2d at 424.

Specifically, § 932.47 of the Florida Statutes, titled "Informations filed by prosecuting attorneys", provides that: "[i]nformations may be filed by the prosecuting attorney of the circuit court with the clerk of the circuit court <u>without leave of the court first being obtained</u>." *Id*. (emphasis added). Also acknowledged but rejected as "unconstitutional" by Plaintiffs, § 932.48, Fla. Stat., titled "Informations; duties of clerks of courts", provides that:

> Upon the filing of an information, the clerk of the circuit court shall docket the information and <u>shall, without leave or order of the court</u> first being had and obtained, issue a capias for the arrest of the person charged; and the clerk shall likewise issue any and all other necessary process incident to the information.

§ 932.48, Fla. Stat. (emphasis added). Once the defendant has been brought into custody, Rule 3.133—which Plaintiffs also completely ignore in their Amended Complaint—provides for precisely the procedure required under *Gerstein* and *McLaughlin*, which procedure Plaintiffs automatically and without any support deem unconstitutional (see, ECF 41 at pp. 2-7, ¶¶ 31, 34, 44-46, 49, 58, 60, 86-89, 104, 109, 117, 119-120, 123):

> In all cases in which the defendant is in custody, a nonadversary probable cause determination shall be held before a judge within 48 hours from the time of the defendant's arrest; provided, however, that this proceeding shall not be required when a probable cause determination has been previously made by a judge and an arrest warrant issued for the specific offense for which the defendant is charged.

Fla.R.Crim.P. 3.133(a)(1). That is, the procedure detailed in §901.02, Fla. Stat. and provided for in Fla.R.Crim.P. 3.120, on their face provide a mechanism for issuance of warrants different from that detailed and provided for in §§ 932.47 and 932.48, Fla. Stat. and Fla.R.Crim.P. 3.133 (and 3.730), and Plaintiffs do not challenge these statutes beyond the "naked assertions" (here, of unconstitutionality) "bereft of further factual enhancement" denounced in *Iqbal* (556 U.S. at 678) and *Twombly* (550 U.S. at 557). In the absence of any such factual allegations, the plain words of §§ 932.47 and 932.48 must be held to be constitutional—and Plaintiffs' claims to the contrary, implausible—in light of the U.S. Supreme Court's rulings upholding such procedures.

Importantly, in *Gerstein*, the Court recognized the different mechanisms or procedures by which an arrestee could receive a probable cause determination, noting that "[a]t common law it was customary, if not obligatory, for an arrested person to be brought before a justice of the peace shortly after arrest" (*Gerstein*, 420 U.S. at 114 and n.14), though "[a] person arrested under a [judicial] warrant would have received a prior judicial determination of probable cause." *Id*. at 116, n.18. Plaintiffs' claims that "[t]he capias warrant is typically issued by the court after formal charges have been filed against the defendant" and "[a]n arrest warrant is a court order to take the person into custody before formal charges are filed" (ECF 41 at p. 2, FN2), and "[f]or purposes of constitutional scrutiny, there is no substantive difference between an arrest warrant and a capias" (*id*. at ¶ 18) are irrelevant to <u>when</u> a probable cause determination is made, and do not raise any doubts about the legitimacy of the procedures in §§ 932.47 and 932.48, Fla. Stat., as the Florida Supreme Court has recognized.<sup>4</sup>

Nevertheless, and again after effectively denouncing §§ 932.47 and 932.48, and ignoring Fla. Stat., Fla.R.Crim.P. 3.133(a)(1), *Gerstein*, and subsequent U.S. Supreme Court decisions, Plaintiffs assert that "[t]he Fourth Amendment mandates that <u>before</u> any arrest warrant can be issued, a neutral and detached judicial officer must make a determination that probable cause exists that the crime or crimes alleged in the Information were committed by the named putative defendant" (ECF 41 at p. 5, emphasis added), that there is no other legitimate and constitutional procedure for issuance of warrants, including capias warrants, than that provided for in Rule 3.131(j) (*id*.), and that that Rule "mandates that a judge (not a judicial officer) determines whether probable cause exists for the issuance of the capias[.]" *Id*. As detailed above, not only is this

---

<sup>4</sup> *See, e.g.*, *State v. Norris*, 768 So. 2d 1070, 1072 (Fla. 2000) ("There is, of course, a significant difference between an arrest warrant and a capias in that a capias may only issue after formal charges are levied via indictment <u>or information</u>, which requires the involvement of either the grand jury or a sworn statement by the State Attorney.") (emphasis added).

patently incorrect procedurally, Plaintiffs' claim that Rule 3.131(j) "mandates that a judge determine whether probable cause exists for the issuance of the capias" (*id.* and at ¶¶ 35, 38) is, in fact, nowhere required by Rule 3.131(j), which provides, in relevant part:

> On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately or when so directed by the prosecuting attorney, a capias for the arrest of the person.

Fla.R.Crim.P. 3.131(j). It short, Plaintiffs appear to claim that the alleged usurpation "of the authority of the judicial officer" (ECF 41 at ¶ 19) by the Broward SA occurs because "Fla. R. Crim P. 3.131(j) establishes a procedure for the issuance of a capias warrant when a prosecutor files an Information charging the commission of a crime, except a capital offense, named in the Information when the person is not in custody, or is at large on bail for the offense charged" (*id.* at ¶ 33), and, under "[t]he procedure established in Fla. R. Crim P. 3.131(j) … a judge (not any judicial officer) determine[s] whether probable cause exists for the issuance of the capias, and, if so determined, the judge orders the issuance of a capias by the clerk." *Id.* at ¶ 35.

Not only is the final statement clearly incorrect, Plaintiffs' entire argument depends on disregard of the fact that Florida has additional, equally valid and therefore legal methods for issuance of warrants and the time for making pre- and post-arrest probable cause determinations. *See, e.g., Walker v. City of Calhoun, GA*, 901 F.3d 1245, 1268 (11th Cir. 2018) ("In the context of probable cause determinations, the Supreme Court has recognized that state systems of criminal procedure vary widely in the nature <u>and number</u> of pretrial procedures they provide, and it has noted that there is no single preferred approach.") (quoting *McLaughlin*, 500 U.S. at 53; *Gerstein*, 420 U.S. at 123) (quotation marks omitted) (emphasis added).

> 3. *Plaintiffs' Speculative and Unsupported Claims Cannot Meet the Plausibility Requirement to Survive a Motion to Dismiss*

  A. <u>Plaintiffs' claims that individuals arrested outside Broward County remain in custody for an extended time period are both implausible (in Florida) and irrelevant to their constitutional attack on Florida's warrant procedures (outside Florida)</u>

  Plaintiffs allege that Plaintiff Previl was arrested in Indiana "by virtue of [a no bond] not in custody capias" issued in Broward County (ECF 41 at ¶ 7(c)) and is awaiting extradition to Florida and Broward, and has not had a probable cause hearing in over a month because "[t]he authorities in Indianapolis presumed that a probable cause determination had been made at the time of the issuance of the capias" in Broward County. *Id*. and ¶ 61. This, of course, says nothing at all about if and why Plaintiff Previl did not inform the Indiana authorities that he had not had a probable cause hearing, much less about the constitutionality of the procedures provided for in §§ 932.47 and 932.48, Fla. Stat. and Fla.R.Civ.P. 3.133. Rather, it alleges—or merely suggests—at most a mistake of fact by <u>Indiana</u> authorities.

  Plaintiffs, however, more boldly contend that "[i]t will always exceed 48 hours from the time a person is arrested in a foreign jurisdiction to be transported or extradited to Broward County, be booked into the Broward County Jail and physically appear at a first appearance hearing in Broward County." (ECF 41 at ¶ 84). As well, "[i]ndividuals arrested outside of Broward County remain in custody for an extended period of time exceeding 48 hours, without any judicial determination of probable cause, in violation of the Fourth and Fourteenth Amendments and with a bond set in violation of the Eighth and Fourteenth Amendments." *Id*. at ¶ 85. For both of these allegations, not only do Plaintiffs yet again fail to "adorn" with "further factual enhancement" these "naked assertion[s]" (*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557), the latter is utterly implausible as it applies to other Florida jurisdictions, as the procedure of which Plaintiffs complain is a statewide procedure, provided for in the Florida Statutes (§§ 932.47 and 932.48) and Florida Rules of Criminal Procedure (Rule 3.133).

To accept these statements as factual allegations that are assumed to be true (*Hughes*, 350 F.3d at 1159-60), this Court would have to determine that it is a plausible inference that all Florida counties outside of Broward County either routinely ignore the requirement of Fla.R.Crim.P. 3.133 that "[i]n all cases in which the defendant is in custody, a nonadversary probable cause determination shall be held before a judge within 48 hours from the time of the defendant's arrest" or else they routinely assume that a probable cause determination has already been held, contrary to the specific provisions in Rule 3.133 that such determinations will be held after arrest in some circumstances.

      B.   Claims on "Information and Belief" that Magistrates are Negligent in their Duty

Similarly, though more egregiously, Plaintiffs attempt to avoid the plain language of the Florida Statutes and Rules of Civil Procedure, as well as U.S. Supreme Court rulings, by alleging "[b]ased on information and belief, some magistrates presume that a probable cause determination had been made at the time of the issuance of the capias and do not make a determination of probable cause." *Id*. at ¶ 73. Plaintiffs' speculation that magistrate judges[5] do not know the law or do not trouble themselves to follow it—by "presuming" what they are charged with determining—should not be credited as "plausible" when it is based purely on "information and belief". *See*, *Mann*, 713 F.3d at 1315 (courts need not accept as true allegations upon information and belief that lack sufficient facts to make the allegations plausible) (citing *Twombly*, 550 U.S. at 557); *Magnum Constr. Mgmt., LLC*, 522 F. Supp. 3d at 1209 (although "information and belief pleading can sometimes survive a motion to dismiss ... [c]onclusory allegations made upon information and

---

[5] The context of the allegations in this section make clear that Plaintiffs are referring to Florida magistrates. See ECF 41 at ¶¶ 70-76. Even if Plaintiffs were referring to only out-of-state magistrates, this would again suggest a mistake on the part of authorities not subject to Florida's particular arrest and probable cause determination procedures (but who are nonetheless bound by the Fourth Amendment's requirements) that does not implicate Florida's procedures.

belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the [plausibility] standard.") (citation omitted); *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d at 931; *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2021 WL 2685605, at *4.

### IV. Conclusion

Though the Plaintiffs have amended their claims in this purported civil rights case and have pled more clearly—though no less conclusorily—the constitutional principles, statutory provisions, and procedural rules the Broward SA and other Defendants have allegedly violated, Plaintiffs' lawsuit remains founded on the erroneous claim that no warrants may <u>ever</u> issue unless a pre-arrest probable cause determination has been made by a neutral and detached magistrate, even though the Florida Statutes and Rules of Criminal Procedure provide for pretrial procedures that allow for a prompt post-arrest probable cause determination. Moreover, this procedure has been authorized and held by the U.S. Supreme Court to be in accord with the requirements of the Fourth Amendment to the United States Constitution, as articulated in the rulings in *Gerstein v. Pugh* and *County of Riverside v. McLaughlin*, as well as numerous subsequent decisions.

WHEREFORE, Defendant Harold Pryor, State Attorney for the 17th Judicial Circuit in and for Broward County, respectfully requests that this Court enter an order granting his Motion to Dismiss Plaintiffs' Amended Complaint. Defendant asks that dismissal be with prejudice, as allowing Plaintiffs leave to again amend their complaint would be futile. No amendment can cure the misapplication of the statute and rules of criminal procedure upon which Plaintiffs allegations depend, as well as the unambiguous rulings of the United States Supreme Court and Eleventh Circuit Court of Appeals on the issues raised by Plaintiffs. *See*, *Gary v. U.S.*, 540 Fed. Appx. 916, 917 (11th Cir. 2013) ("[A] district court need not allow amendment when it would be futile[.]")

Respectfully submitted,

ASHLEY BROOKE MOODY
ATTORNEY GENERAL

/s/ Robert Gregg
Robert GREGG
Assistant Attorney General
Fla. Bar No: 577431
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone:    954-712-4600
Facsimile:     954-527-3702
Robert.Gregg@myfloridalegal.com
Attorney for Harold Pryor, State Attorney for the
17th Judicial Circuit in and for Broward County

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by email through the CM/ECF system to all counsel of record on March 30, 2022.

/s/ Robert Gregg
Robert Gregg
Assistant Attorney General