UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-62523-WILLIAMS/VALLE

JOHN DOE, individually,

JANE ROE, individually,

and DIESMA PREVIL, individually,
and on behalf of others similarly situated,

    Plaintiffs,

v.

BRENDA F. FORMAN, in her capacity as
Clerk of Court for the 17th Judicial
Circuit, in and for Broward County, Florida;

HAROLD F. PRYOR, in his capacity
as State Attorney for the 17th Judicial
Circuit, in and for Broward County, Florida; and

GREGORY TONY, in his capacity as
Sheriff, in and for Broward County, Florida,

    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon: (i) Defendant Gregory Tony's Motion to Dismiss the Amended Complaint (ECF No. 42); (ii) Defendant Brenda Forman's Motion to Dismiss Amended Class Action Complaint (ECF No. 43); (iii) Defendant Harold Pryor's Motion to Dismiss Amended Complaint (ECF No. 44) (together, the "Motions to Dismiss"); and (iv) Defendants' Joint Motion to Strike Plaintiffs' Use of Pseudonyms from the Amended Complaint (ECF No. 45) (the "Motion to Strike"). United States District Judge Kathleen Williams has referred the motions to the undersigned for appropriate disposition. *See* (ECF No. 46).

Accordingly, having reviewed the motions, responses (ECF Nos. 48, 54, 55), replies (ECF Nos. 50, 57, 58), and being fully advised in the matter, the Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART** and the Motion to Strike is **DENIED AS MOOT** for the reasons set forth below.

## I.   RELEVANT BACKGROUND

In December 2021, Plaintiffs John Doe and Jane Roe filed a civil rights Complaint against the Broward County Clerk of Court Brenda Forman ("Clerk"), Broward County State Attorney Harold Pryor ("SA"), and Broward County Sheriff Gregory Tony ("BSO") in their official capacities, pursuant to 42 U.S.C. § 1983. *See generally* (ECF No. 1). Defendants filed initial motions to dismiss. *See* (ECF Nos. 26, 28, 30). While the initial motions to dismiss were pending, the District Judge granted Plaintiffs' unopposed motion for leave to amend the Complaint. (ECF Nos. 39, 40). Thereafter, on March 16, 2022, Plaintiffs filed their Amended Complaint, adding Plaintiff Diesma Previl and including additional factual and legal allegations. *See generally* (ECF No. 41) ("Amended Complaint") ("Amend. Comp.").

In the Amended Complaint, Plaintiffs generally allege that Defendants' custom and policy of issuing and recording "not in custody" ("NIC") capias warrants for non-capital felony cases under Fla. Stat. § 932.48 is unconstitutional because the Clerk issues the NIC capiases upon direction of the State Attorney, without an independent probable cause finding or bail determination being made by a judicial officer.[1] *See generally* (Amend. Comp. ¶¶ 44-60). Throughout the Amended Complaint, Plaintiffs inconsistently allege that this practice violates the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Article V, Sec. 2(a) of

---

[1] The Amended Complaint also alleges that Fla. Stat. § 932.48 is inconsistent with Fla. R. Crim. P. 3.13(j), which requires that probable cause and bond determinations be made by a judicial officer. *See generally* (Amend. Comp. ¶¶ 33-43).

2

the Florida Constitution. (Amend. Comp. at 2-3, 3 n.4, ¶ 74, ¶ 82, ¶ 93).[2] Plaintiffs seek declaratory and injunctive relief against all Defendants. *Id*. at 7, 41-42.

Defendants, in turn, seek dismissal of the Amended Complaint with prejudice for procedural and substantive grounds, such as: (i) lack of subject matter jurisdiction (including standing, ripeness, mootness, and sovereign immunity); (ii) improper joinder under Rule 20(a)(2); and (iii) failure to state a claim. *See generally* (ECF Nos. 42, 43, 44).

For the reasons discussed below, the undersigned finds that the Amended Complaint is an impermissible shotgun pleading that violates the requirements of Fed. R. Civ. P. 8(a) and 10(b) and should be dismissed without prejudice to replead and cure the noted deficiencies. *See Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1320 (11th Cir. 2015) (noting that complaints that violate Rule 8 or Rule 10 are considered shotgun pleadings); *see also Rodriguez v. Carrot Express Midtown*, *LLC*, No. 19-CV-24931, 2019 WL 7293360, at *3 (S.D. Fla. Dec. 30, 2019) (dismissing complaint as shotgun pleading but giving plaintiff an opportunity to cure pleading deficiencies).

## II. LEGAL STANDARDS

In a civil action, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. City of W. Palm Beach*, No. 18-CV-80172, 2018 WL 3586179, at *2 (S.D. Fla. July 26, 2018) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S 544, 555 (2007); *Ahscroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Further, Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs,

---

[2] Many paragraphs in the Amended Complaint are unnumbered. *See* (Amend. Comp. at 1-17).

3

each limited as far as practicable to a single set of circumstances." *Barmapov v. Amuial,* 986 F.3d 1321, 1324 (11th Cir. 2021); *see also* Fed. R. Civ. P. 10(b). Rule 10(b) also provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

A complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b) is considered a shotgun pleading. *Barmapov,* 986 F.3d at 1324; *see also Weiland,* 792 F.3d at 1320. In general, shotgun pleadings fail to give a defendant adequate notice of the claims and the grounds upon which each claim rests. *Lugassy v. Bank of Am., N.A.*, No. 19-CV-61765, 2020 WL 9460216, at *2 (S.D. Fla. Mar. 6, 2020) (citing *Vibe Micro Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018)). Plaintiffs who file shotgun pleadings are generally given an opportunity to remedy the deficient pleading. *Id.*; *Vibe Micro,* 878 F.3d at 1295; *see also Phillips,* 2018 WL 3586179, at *4 (granting leave to amend a shotgun complaint that had previously been amended to add defendants). Importantly, the Court has an independent responsibility to address shotgun pleadings early in the litigation. *Behr v. Campbell*, No. 18-CV-80221, 2022 WL 1176949, at *3 (S.D. Fla. Mar. 18, 2022) (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006)); *see also Vibe Micro*, 878 F.3d at 1295 ("[a] district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds.") (quotation omitted).

There are four categories of shotgun pleadings: (i) complaints containing "multiple counts where each count adopts the allegations of the preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (ii) complaints "replete with conclusory, vague, and immaterial facts not obviously connected to

4

any particular cause of action;" (iii) complaints that do not separate each cause of action or claim for relief into a different count; and (iv) complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Lugassy,* 2020 WL 9460216, at *2 (citation omitted).

### III.   ANALYSIS

#### A.   The Amended Complaint is an Impermissible Shotgun Pleading

The Eleventh Circuit has instructed that even in cases where, as here, the parties do not raise a shotgun pleading issue, courts have a supervisory obligation to address such pleading problems *sua sponte*. *Hirsch v. Ensurety Ventures, LLC,* 805 F. App'x 987, 991 (11th Cir. 2020) (noting Eleventh Circuit instruction that district court "must intervene and order repleading of a shotgun complaint, even if defendant does not move for a more definite statement) (quotation and citation omitted); *see also Behr*, 2022 WL 1176949, at *3 (citing *Vibe Micro*, 878 F.3d at 1295). Here, the Amended Complaint is 42 pages long, with 123 numbered paragraphs, 17 pages of unnumbered paragraphs, and 19 pages of Factual Allegations that are incorporated by reference into one section labeled "Cause of Action." *See generally* (Amend. Comp.). Against this backdrop, the undersigned finds that the Amended Complaint is an impermissible shotgun pleading that violates Rules 8 and 10 and should be dismissed without prejudice. As discussed below, the Amended Complaint falls into the second, third, and fourth categories of shotgun pleadings.

*1.   Conclusory, Vague, and Immaterial Facts*

The Amended Complaint is replete with conclusory and vague factual allegations and legal conclusions. *Lugassy,* 2020 WL 9460216, at *2 (citation omitted). For example, in the "Factual Allegations" section, the Amended Complaint states that, "[f]or purposes of constitutional

scrutiny, there is no substantive difference between an arrest warrant and a capias." (Amend. Comp. ¶ 18). It further alleges that "[n]otwithstanding that . . . section 932.48[] does not require probable cause, the statutory scheme presupposes an awareness that a valid NIC capias can issue only upon properly determined probable cause made by a neutral and detached judicial officer." *Id.* ¶ 27. Plaintiffs, however, offer no explanation or factual or legal support for these statements. Furthermore, legal conclusions masked as factual allegations are improper. *See Twombly*, 550 U.S. at 555 (noting that courts are not bound to accept as true a legal conclusion couched as a factual allegation).

In addition, the Amended Complaint contains allegations based on "information and belief," which are unsupported by any factual basis. For example, the Amended Complaint alleges that "[b]ased on information and belief, some magistrates presume that a probable cause determination had been made at the time of the issuance of the capias and do not make a determination of probable cause." (Amend. Comp. ¶ 73). But Plaintiffs offer no factual support for this allegation, nor do they explain how it relates to a specific claim for relief. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 546 F. Supp. 3d 1152, 1164 (S.D. Fla. 2021) (noting that the court need not accept as true allegations based upon information and belief that lack sufficient facts to make the allegations possible) (citations omitted).

In addition to conclusory factual and legal allegations, the Amended Complaint contains vague and immaterial facts that are not obviously connected to any cause of action. For example, the Amended Complaint begins with a seven page "Preliminary Statement" that contains irrelevant and superfluous background information, factual and legal arguments, federal and Florida statutory citations, class allegations, and a separate subsection labeled "Requested Results." (Amend. Comp. at 2-7). These paragraphs are unnumbered (in violation of Rule 10) and many of the

assertions are repeated multiple times throughout the Amended Complaint. Making matters worse, the "Preliminary Statement" is followed by nine pages of seemingly random references to multiple provisions of the U.S. and Florida constitutions, Florida statutes, and Florida rules of criminal procedure, without an explanation as to how many of these statutes tie into Plaintiffs' claim(s).[3] *See* (Amend. Comp. at 8-17). This leaves the Court—and the Defendants—to try to figure out the interplay between these statutes and Plaintiffs' claim(s). *See Gipson v. Sec'y, U.S. Dep't of Treasury*, 675 F. App'x 960, 963 (11th Cir. 2017) (finding that amended complaint did not meet the requirements of Rule 8 because, among other things, it did not tie particular facts to particular statutes); *Boling v. City of Longwood*, No. 21-CV-129-WWB-LRH, 2021 WL 7287614, at *18 (M.D. Fla. Dec. 20, 2021) (finding that complaint was a shotgun pleading where, among other things, it included a two-page memorandum about the statute of limitations, without specifying the claims to which the argument applied). "Lawyers simply cannot delegate the responsibility of making their case to the district court." *Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring).

As a result of these deficiencies, the Amended Complaint is confusing and disorganized, and frustrates the Court's ability to determine whether Plaintiffs have stated any claim(s) for relief. *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.,* 261 F. App'x 274, 277 (11th Cir. 2008) (affirming district court's determination that second amended complaint violated Rule 8(a) because it was confusing, incoherent, and clogged with seemingly irrelevant factual allegations); *Ageeb v. Whole Foods Mkt. Grp., Inc.*, No. 21-CV-1286-PGB-DCI, 2021 WL 8155504, at *2 (M.D. Fla. Nov. 2, 2021) (finding that complaint was a disorganized shotgun pleading that frustrated the court's review and analysis of whether it stated any claim for relief); *Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013) ("[s]hotgun pleadings are those which are confusing,

---

[3] This section is labeled "Relevant Constitutional Provisions, Statutes, and Rules." (Amend. Comp. at 8).

incoherent, or repetitive.").

### 2. *Failure to Separate Defendants, Counts, and Causes of Actions*

The Amended Complaint also fails to separate each potential cause of action or claim for relief into a distinct count. *See Lugassy,* 2020 WL 9460216, at *2 (citation omitted). As a result, it is unclear whether Plaintiffs may be asserting one or more separate causes of action against Defendants regarding the procedure for the issuance of NIC capiases. These potential causes of action include: (i) a Fourth and Fourteenth Amendment violation based on the probable cause determination; (ii) an Eighth and Fourteenth Amendment violation based on the bail determination; and (iii) a Fourth, Eighth, and Fourteenth Amendment violation based on prolonged detentions for individuals arrested on the capiases in foreign jurisdictions. (Amend. Comp. at 3, 6, 7, 18, 24-26, 30, 32-34, 40-41). For example, in the "Requested Results" section in the "Preliminary Statement," Plaintiffs ask the Court to generally "[d]eclare the method utilized in Broward County for the issuance of NIC capiases unconstitutional[.]" *Id*. at 7. Then, in the 'Wherefore" clause in the "Cause of Action" section, Plaintiffs request that the Court "[e]nter an order declaring that the method used by the Broward State Attorney and Broward Clerk of the Court in Broward County to issue NIC capiases and to endorse the amount of bail on the capiases violates the Fourth Amendment to the United States Constitution," without mention of BSO or an Eighth Amendment violation. *Id.* at 41. Yet, in paragraphs 74, 85, 93, and 95, Plaintiffs seemingly allege an Eighth Amendment violation. *Id.* ¶¶ 74, 85, 93, 95.

Given these internal inconsistencies, Defendants cannot adequately respond to the Amended Complaint.[3] *See Beckwith v. Bellsouth Telecomms. Inc*., 146 F. App'x 368, 371 (11th

---

[3] As an example, none of the Motions to Dismiss discuss Plaintiffs' purported Eighth Amendment claim, and the Clerk and SA complain that Plaintiffs' Cause of Action is unclear. *See e.g*., (ECF Nos. 43 at 13 n.5, 44 at 4).

Cir. 2005) (noting that the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading) (quotations and citations omitted); *James River Ins. Co. v. O'Gallagher LLC*, 340 F.R.D. 471, 475 (S.D. Fla 2022) (noting that plaintiff could not be expected to respond to a counterclaim that was deficiently pled (as vague and conclusory) under Rule 8). Simply put, the Amended Complaint combines all of Plaintiffs' allegations into a single "Cause of Action," which is a tell-tale sign of a shotgun pleading. *See Hirsch,* 805 F. App'x at 990-91 (noting that "[i]n a shotgun pleading, we are essentially left with one count that 'amounts to an amalgamation of all counts of the complaint.'") (citation omitted); *see also Bacon* v. *Celebrity Cruises*, No. 21-CV-22594, 2021 WL 3191058, at *1 (S.D. Fla July 28, 2021) (requiring plaintiff to replead complaint that contained multiple theories of liability in one count).

       *3.*     *Multiple Claims against Multiple Defendants without Specificity*

Lastly, the Amended Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Lugassy,* 2020 WL 9460216, at *2 (citation omitted). For example, in the "Requested Results" section in the "Preliminary Statement" and in the "Wherefore" clause in the "Cause of Action" section, Plaintiffs seek permanent injunctive relief against all Defendants. (Amend. Comp. at 7). But the Amended Complaint contains no specific allegations of wrongdoing by BSO, *see* (Amend. Comp. ¶¶ 44-60), except perhaps a general statement in the section labeled "Parties" that BSO does not consider a capias executed or served until the individual arrested in a foreign jurisdiction is physically transferred to Broward County. *See* (Amend. Comp. at 20, paragraph (c)(3)). This kind of pleading fails to provide BSO—and the other Defendants—with notice of the specific claims against each defendant and the grounds upon which each claim rests. *See Weil v. Phillips*, 816 F.

9

App'x 339, 341 (11th Cir. 2020) ("[i]t is [plaintiff's] responsibility to 'plead[] factual content that allows the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged.'") (citing *Iqbal*, 556 U.S. at 678); *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Here, because the Court has not previously considered the sufficiency of the Amended Complaint, the undersigned recommends that the Amended Complaint be dismissed without prejudice to replead and correct these deficiencies. *See Powell v. Bermudez*, No. 20-CV-20391, 2020 WL 2322921, at *5 (S.D. Fla. May 11, 2020) ("[w]hen faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of [their] claims before dismissing [the] case with prejudice.") (citing *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019)); *see also Phillips*, 2018 WL 3586179, at *4 (granting plaintiff opportunity to correct pleading deficiencies where court had not assessed sufficiency of original complaint). Moreover, because the Court concludes that the Amended Complaint is a shotgun pleading that violates Rules 8 and 10, the undersigned need not address Defendants' remaining arguments. *Rodriguez,* 2019 WL 7293360, at *3.

### B.     The Motion to Strike is Denied as Moot

Based on the undersigned's recommendation that the Amended Complaint be dismissed without prejudice and in light of Plaintiffs' identification of the two previously anonymous plaintiffs, *see* (ECF No. 53), the undersigned recommends that the Motion to Strike Pseudonyms be **DENIED AS MOOT**.

## IV.   CONCLUSION

Accordingly, for the reasons discussed above, the undersigned respectfully **RECOMMENDS** that:

1. The Motions to Dismiss (ECF Nos. 42, 43, 44) be **GRANTED IN PART AND DENIED IN PART**.  More specifically, the Amended Complaint should be **dismissed without prejudice** to allow Plaintiffs the opportunity to correct the pleading deficiencies noted in this Report and Recommendation;

2. The Motion to Strike (ECF No. 45) be **DENIED AS MOOT**.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on June 17, 2022.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen Williams
    All Counsel of Record