UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-62523-WILLIAMS/VALLE

JEREMY ARMSTEAD, individually,
and on behalf of others similarly situated,

ANNELISE AVILA, individually,
and on behalf of others similarly situated, and

DIESMA PREVIL, individually,
and on behalf of others similarly situated,

    Plaintiffs,

v.

BRENDA F. FORMAN, in her capacity as
Clerk of Court for the 17th Judicial
Circuit, in and for Broward County, Florida, and

HAROLD F. PRYOR, in his capacity
as State Attorney for the 17th Judicial
Circuit, in and for Broward County, Florida,

    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon: (i) Defendant Brenda Forman's Motion to Dismiss Amended Class Action Complaint (ECF No. 43); and (ii) Defendant Harold Pryor's Motion to Dismiss Amended Complaint (ECF No. 44) (together, the "Motions to Dismiss"). United States District Judge Kathleen M. Williams has referred the Motions to Dismiss to the undersigned for appropriate disposition. *See* (ECF No. 88). Accordingly, having reviewed the Motions to Dismiss, Plaintiffs' Responses (ECF Nos. 54, 55), Defendants' Replies (ECF Nos. 57, 58), the parties' supplemental filings (ECF Nos. 85, 86, 87, 94, 95, 96), having held a hearing on

the Motions to Dismiss,[1] and being fully advised in the matter, the undersigned recommends that the Motions to Dismiss be **GRANTED** for the reasons set forth below.

## I.     BACKGROUND

### A.     Procedural History

In December 2021, Plaintiffs Jeremy Armstead and Annelise Avila filed a civil rights class action Complaint against the Broward County Clerk of Court Brenda Forman ("Clerk"), Broward County State Attorney Harold Pryor ("State Attorney"), and Broward County Sheriff Gregory Tony ("BSO") in their official capacities, pursuant to 42 U.S.C. § 1983. *See generally* (ECF No. 1). In March 2022, Plaintiffs filed their Amended Complaint, adding Plaintiff Diesma Previl as a party. *See generally* (ECF No. 41). Soon after, Defendants filed their Motions to Dismiss, which were referred to the undersigned for disposition. (ECF Nos. 43, 44, 46). Ultimately, the District Judge adopted the undersigned's Report and Recommendation, dismissed the Amended Complaint as a shotgun pleading, and gave Plaintiffs a final opportunity to cure the deficiencies in the Amended Complaint. *See* (ECF Nos. 61, 70). Accordingly, Plaintiffs filed their Second Amended Complaint (the "Operative Complaint"). *See generally* (ECF No. 71).

In July 2022, the District Judge dismissed BSO from the case (without prejudice) based on a stipulation between BSO and Plaintiffs.[2] (ECF Nos. 72, 73, 74). The District Judge permitted the remaining Defendants (the Clerk and the State Attorney) to adopt their Motions to Dismiss as to the Operative Complaint and file supplemental briefs updating the existing motions. *See generally* (ECF Nos. 43, 44, 75, 76, 77, 83, 85, 86, 87). The renewed Motions to Dismiss were again referred to the undersigned, who then directed the parties to file additional supplemental

---

[1] The transcript of the December 2, 2022 hearing is incorporated by reference.

[2] Based on the parties' Joint Stipulation of Dismissal as to Defendant BSO, the District Judge also denied as moot BSO's motion to dismiss. (ECF Nos. 42, 74).

briefs. *See generally* (ECF Nos. 88, 90, 94, 95, 96). On December 2, 2022, the undersigned held a hearing on the Motions to Dismiss. *See* (ECF No. 101).

### B.     The Operative Complaint[3]

#### 1.     *The Plaintiffs*

The Operative Complaint names three Plaintiffs: Jeremy Armstead, Annelise Avila, and Diesma Previl. *See* (ECF No. 71 at 1). Plaintiffs Armstead and Avila make similar factual allegations. As to these two Plaintiffs, the Operative Complaint alleges that in April 2018 and July 2019, respectively, the State Attorney filed separate Informations charging each with a non-capital felony. *Id.* ¶¶ 7(a), 8(a). Upon the filing of the Informations, the State Attorney instructed the Clerk to issue a capias warrant ("capias") for Armstead's and Avila's arrests. *Id.* In compliance with the State Attorney's instructions, the Clerk issued the capiases without a prior probable cause determination by a neutral and detached judicial officer. *Id.* In April and May 2022, each Plaintiff's case was dismissed and the capiases were quashed. *Id.* ¶¶ 7(b), 8(b).

As to Plaintiff Previl, the State Attorney filed an Information charging him with a non-capital felony in February 2021. *Id.* ¶ 9(a). Upon the filing of the Information, the State Attorney instructed the Clerk to issue a capias for Previl's arrest. *Id.* In compliance with the State Attorney's instructions, the Clerk issued the capias without a prior probable cause determination by a neutral and detached judicial officer. *Id.* A year later, Previl was arrested in Indianapolis pursuant to the capias, and later extradited to Broward County, where the capias was served. *Id.* ¶ 9(b). Once in Broward County, Previl was released from custody on his own recognizance. *Id.* In June 2022, the State Attorney

---

[3] At the motion to dismiss stage, all factual allegations in the Operative Complaint are accepted as true and all reasonable inferences are drawn in Plaintiffs' favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).

filed an Amended Information charging Previl with a non-capital felony. *Id.* ¶ 9(d). Once again, the State Attorney instructed the Clerk to issue a capias for Previl's arrest, which the Clerk issued without a prior probable cause determination by a neutral and detached judicial officer. *Id.* This capias remained unserved at the time the Operative Complaint was filed. *Id.*

2.      *Alleged Constitutional Violations and Motions to Dismiss*

In the Operative Complaint, Plaintiffs allege that Defendants' procedure, custom, and policy of issuing capiases for felony cases is unconstitutional because the Clerk issues the capiases upon the direction of the State Attorney without a prior probable cause determination by a neutral and detached judicial officer. *See, e.g.*, *Id.* ¶¶ 17, 21-23, 26-32, 55-57, 60. The Operative Complaint alleges that this practice violates the Fourth and Fourteenth Amendments to the U.S. Constitution. *See, e.g.*, *Id.* ¶¶ 19, 24, 25, 29, 32, 55-56, 60. Thus, Plaintiffs seek to represent a class of individuals against whom capiases were issued by the Clerk at the direction of the State Attorney without a prior judicial probable cause determination. *Id.* ¶ 41. To remedy the alleged constitutional violations, Plaintiffs seek injunctive and declaratory relief against the Clerk and State Attorney.[4] *Id.* ¶ 59; *see also* Wherefore Clause of Operative Complaint at 14-15.[5]

---

[4] During oral argument, the parties agreed that only claims for prospective injunctive and declaratory relief survive the sovereign immunity bar of the Eleventh Amendment. (Hr'g. Tr. 10:3-8, 10:23-11:1-3); *see also Nat'l Ass'n of the Deaf v. Fla.*, 980 F.3d 763, 774 (11th Cir. 2020) ("When a plaintiff challenges a state official's action on federal grounds, *Ex parte Young* allows the plaintiff to seek prospective injunctive relief."); *Ex parte Young*, 209 U.S. 123, 160 (1908). Against this legal backdrop, and having considered the parties' arguments as to what constitutes prospective relief, the undersigned finds that the Operative Complaint seeks forward-looking (i.e., prospective) injunctive and declaratory relief, except for Plaintiffs' single request that the Clerk be ordered to void all previously issued but yet unserved capiases. *See* (ECF No. 71 at 15 ¶ D(iii)). This last request is retrospective in nature and therefore precluded by the Eleventh Amendment. As discussed at length below, however, Plaintiffs' requests for prospective relief, which are not barred by the Eleventh Amendment, nonetheless fail for other reasons. *See infra* Part III.

[5] Some paragraphs in the Operative Complaint are unnumbered. *See* (ECF No. 71 at 14-15).

Defendants seek dismissal of the Operative Complaint with prejudice on both procedural and substantive grounds. Procedurally, Defendants argue that the Operative Complaint should be dismissed for lack of subject matter jurisdiction (including lack of standing, mootness, and sovereign immunity grounds) and failure to state a claim.[6] *See generally* (ECF Nos. 43, 44). For the reasons discussed below, the undersigned finds that Plaintiffs lack standing to bring this action, and the Court therefore lacks subject matter jurisdiction over Plaintiffs' claims. Consequently, the undersigned recommends that the Motions to Dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(1).[7]

## II.  LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *See Gardner*, 962 F.3d at 1336. Article III of the United States Constitution limits federal jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2; *Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1112 (11th Cir. 2021). When jurisdiction is doubtful, the court must first evaluate its basis for jurisdiction before turning to the merits. *See Gardner*, 962 F.3d at 1336; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998).

### A. Subject Matter Jurisdiction Generally

Motions to dismiss based on arguments of lack of standing, mootness, and sovereign immunity challenge the court's subject matter jurisdiction and thus fall within the ambit of Federal Rule of Civil Procedure 12(b)(1). Furthermore, where the jurisdictional attack is based on the face of the pleadings, the court must determine whether the plaintiff sufficiently alleged a basis for

---

[6] The State Attorney adopted the Clerk's arguments on lack of subject matter jurisdiction. *See* (ECF No. 44 at 1).

[7] Because dismissal is recommended pursuant to Rule 12(b)(1), the undersigned need not address Defendants' arguments pursuant to Rule 12(b)(6). *See Gardner v. Mutz*, 962 F.3d 1329, 1338 (11th Cir. 2020).

subject matter jurisdiction, accepting the allegations in the complaint as true. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). By contrast, where the jurisdictional attack challenges the factual basis for jurisdiction (notwithstanding the allegations in the complaint), the court is free to consider materials outside the pleadings, and the pleadings are not afforded a presumption of truth. *See id.*

### B. Standing Generally

A plaintiff must have standing when the operative complaint is filed. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 978 (11th Cir. 2005); *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275-76 (11th Cir. 2003). To have standing, a plaintiff must establish three elements: (i) an injury-in-fact (i.e., an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical); (ii) a causal connection between the injury and the challenged conduct; and (iii) a likelihood (as opposed to conjecture or speculation) that the injury will be redressed by a favorable decision. *LaCroix v. Lee Cnty.*, 819 F. App'x 839, 841 (11th Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

### C. Standing for Injunctive and Declaratory Relief

Furthermore, when a plaintiff seeks injunctive and declaratory relief, the plaintiff must establish "'a sufficient likelihood that [plaintiff] will be affected by the allegedly unlawful conduct *in the future.*'" *Sierra*, 996 F.3d at 1113 (emphasis added) (quoting *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305, 1306 (11th Cir. 2004)) (noting that the standing analysis for declaratory and injunctive relief requires a showing of future harm, not past harm); *Lujan,* 504 U.S. at 560-61. Thus, a party has standing to seek injunctive relief only if he alleges "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Shotz v. Cates*, 256 F.3d

1077, 1081 (11th Cir. 2001) (citing *Wooden v. Board of Regents of Univ. Sys.*, 247 F.3d 1262, 1284 (11th Cir. 2001)).

### D. Standing for Class Actions

Lastly, when an individual purports to be a representative for a class, the class representative must not only satisfy the individual standing requirements discussed above, but "must also be part of the class and possess the same interest and suffer the same injury as the class members." *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1046 (11th Cir. 2020) (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). If at least one individual plaintiff has demonstrated standing, the court need not "consider whether the other . . . plaintiffs have standing to maintain the suit." *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1124-25 (11th Cir. 2019) (quoting *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n.9 (1977)).

### III.   DISCUSSION

In the Motions to Dismiss, Defendants generally argue that Plaintiffs lack standing to bring this action because the Operative Complaint fails to adequately plead an injury-in-fact, the first element of standing. *See* (ECF No. 43 at 10-11); *see also* (Hr'g. Tr. 33:17-21). Because this attack challenges the Operative Complaint on its face, the undersigned must accept the allegations in the Operative Complaint as true. *See Lawrence*, 919 F.2d at 1529. Moreover, because the Operative Complaint seeks prospective injunctive and declaratory relief against Defendants, Plaintiffs must establish a real and immediate threat of future injury. *See Shotz*, 256 F.3d at 1081.

In the Operative Complaint, Plaintiffs allege that their injury is the Clerk's issuance of the felony capiases at the direction of the State Attorney without a prior probable cause determination by a neutral and detached judicial officer. *See* (ECF No. 71 ¶¶ 7(b), 8(b), 9(c), 19, 21, 23, 24, 25,

27, 28, 29, 30, 31, 32, 34, 37, 38, 41, 49, 55). Similarly, in opposing the Motions to Dismiss, Plaintiffs reiterate that "having a . . . felony capias for their arrests *issued* by the Clerk . . . constitutes a real and imminent threat alleged in the Amended Complaint." (ECF No. 54 at 12) (emphasis added). Defendants, on the other hand, argue that the injury of which Plaintiffs complain (i.e., issuance of the capiases) has already occurred because the capiases have been issued, so that Plaintiffs would have to plausibly allege that they will have new capiases issued against them in the future to be entitled to injunctive and declaratory relief. *See* (ECF No. 43 at 10-11). Defendants' argument is persuasive.

Plaintiffs' claims fail because Plaintiffs have not shown a real and immediate threat of future injury. Here, the capiases have already been issued, so that the issuance constitutes a past injury, which is insufficient to establish the requisite injury-in-fact for injunctive and declaratory relief. *See Sierra*, 996 F.3d at 1113; *Koziara*, 392 F.3d at 1305, 1306. For example, according to the Operative Complaint, Plaintiffs Armstead's and Avila's capiases were issued, quashed, and their respective criminal cases dismissed. (ECF No. 71 ¶¶ 7(b), 8(b)). Plaintiff Previl was arrested pursuant to the felony capias in February 2022 and then released on his own recognizance. *Id.* ¶¶ 9(a)-(b). Thereafter, a second capias was issued for Previl's arrest. *Id.* ¶ 9(d). As to all three Plaintiffs, the capiases had already been issued when the Operative Complaint was filed. Notably, the Operative Complaint does not (and cannot) allege that Plaintiffs expect the issuance of new felony capiases for future violations of Florida criminal laws.[8] (Hr'g. Tr. 42:18-25 to 43:1-7)

---

[8] Even if Plaintiffs had alleged the possibility of capiases being issued for future criminal conduct, such an allegation would be insufficient to meet Article III's injury-in-fact requirement. *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) ("[W]e are nonetheless unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners").

(Plaintiffs' concession that they no longer have a personal stake in the action because their capiases have been quashed (and their cases dismissed) and the threat of future capiases is hypothetical). Thus, because the challenged injury is the past issuance of the capiases, and not a real and immediate threat of future issuance of capiases, Plaintiffs have not adequately plead an injury-in-fact and lack standing to bring this action.[9]

At oral argument before the undersigned, Plaintiffs argued that it was their *arrests* (as opposed to the issuance of the capiases) that constituted the injury. *See* (Hr'g. Tr. 51:1-12). This argument contradicts the bulk of the allegations in the Operative Complaint, which clearly describe Plaintiffs' future injury as the issuance of the felony capiases. *See* (ECF No. 71 ¶¶ 7(b), 8(b), 9(c), 19, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 34, 37, 38, 41, 49, 55). Moreover, even accepting Plaintiffs' argument that it is the arrest (as opposed to the issuance of the capiases) that constitutes the future injury, Plaintiffs' claims still fail because the prospective relief they seek (i.e., injunctions against the State Attorney and the Clerk) will not prevent arrests on capiases that have already been issued. *See* (Hr'g. Tr. 19:11-24 (Clerk's argument that BSO (not the Clerk or State Attorney) is the arresting agency). Accordingly, Plaintiffs lack standing because they have failed to show that arrests on existing capiases can be redressed through an injunction against the State Attorney and the Clerk. *See Steel Co.*, 523 U.S. at 106 ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."). Thus, in addition to failing to establish an injury-in-fact, Plaintiffs also fail to

---

[9] Plaintiffs also argue that they nonetheless have standing because the challenged injury is "capable of repetition, yet evading review." *See* (ECF No. 54 at 12). However, the concept of an "injury capable of repetition, yet evading review" is an exception to the mootness doctrine and does not serve to confer standing where it does not exist. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190-91 (2000) ("[I]f a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum.").

satisfy the third element necessary to establish standing: that it is likely that their injury will be redressed by a favorable decision. *See LaCroix*, 819 F. App'x at 841.

Thus, for the reasons discussed above, the undersigned finds that none of the named Plaintiffs have standing to bring this lawsuit. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea*, 414 U.S. at 494. Accordingly, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.[10] Furthermore, although lack of subject matter jurisdiction generally results in dismissal without prejudice, the undersigned recommends that the District Judge dismiss the Operative Complaint with prejudice because the Operative Complaint was Plaintiffs' last opportunity to file an amended complaint. *See* (ECF No. 70) (District Judge's Order that "Plaintiffs will not be granted leave to file another amended complaint.").

## IV. RECOMMENDATION

Accordingly, for the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Defendants' Motions to Dismiss (ECF Nos. 43, 44) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[10] Because Plaintiffs' suit fails for lack of standing, the Court cannot analyze the merits of the action. *See Gardner*, 962 F.3d at 1339.

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on January 6, 2023.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen M. Williams
　　All Counsel of Record