UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-62523-CV-WILLIAMS

JEREMY ARMSTEAD, *et al.*,

    Plaintiffs,

v.

BRENDA F. FORMAN, *in her capacity
as Clerk of Court for the 17th Judicial Circuit,
in and for Broward County, Florida, et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation (DE 102) ("***Report***") on the Motions to Dismiss filed by Defendants Brenda F. Forman, in her capacity as Clerk of Court for the 17th Judicial Circuit, in and for Broward County, Florida (DE 43); and Harold F. Pryor, in his capacity as State Attorney for the 17th Judicial Circuit, in and for Broward County, Florida (DE 44) (collectively, "***Motions***"). No objections were filed to the Report, and the time to object has passed. The Report recommends the Court grant Defendants' Motions, because "none of the named Plaintiffs have standing to bring this lawsuit." (DE 102 at 10.)

The Court notes that Plaintiffs failed to filed objections to the Report and did not request an extension of time to do so. Accordingly, Plaintiffs have waived the ability to challenge Report. *See* 11 Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object."); *United States v. Shultz*, 565 F.3d 1353, 1360-62 (11th Cir. 2009) ("After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). Nonetheless, a court may review a report and recommendation absent proper objection of legal conclusions and for plain or clear error of factual findings. *See* 11 Cir. R. 3-1 ("In the absence of a proper objection, however, the court may review on appeal for plain error in necessary in the interests of justice."); *United States v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006). Under the plain-error standard, a court will not correct a factual error in a report and recommendation unless "there is an error that is plain; that affects substantial rights; and that 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *See United States v. Holt*, 777 F.3d 1234, 1261 (11th Cir. 2015) (citation omitted).

Upon a careful review of the Report, the Motions, the record, and applicable law, and in light of the lack of any objection to the Report, the Court affirms and adopts the Report.[1] Accordingly, it is **ORDERED AND ADJUDGED** that:

---

[1] Although the Report does not reach the merits of this action, a preliminary peek at the substance indicates that dismissal of the Second Amended Complaint would likely be supported. *See Gerstein v. Pugh*, 420 U.S. 103, 123–25 (1975) ("Although we conclude that the Constitution does not require an adversary determination of probable cause, we recognize that state systems of criminal procedure vary widely. There is no single preferred pretrial procedure . . . Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a ***judicial officer either before or promptly after arrest***.") (emphasis added)*; see also Crane v. State of Tex.*, 759 F.2d 412, 424–25 (5th Cir. 1985) ("The petitioners in Gerstein were arrested without warrants on felony charges . . . Given the validity of such arrests, ***it follows inescapably that judicial determinations of probable cause may follow, rather than precede, them***.") (emphasis added).

1. Judge Valle's Report (DE 102) is **AFFIRMED AND ADOPTED**;

2. The Motions to Dismiss filed by Defendants Brenda F. Forman (DE 43) and Harold F. Pryor (DE 44) are **GRANTED**;

3. The operative Second Amended Complaint (DE 71) is **DISMISSED WITH PREJUDICE**; and

4. The Clerk of Court is direct to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>28th</u> day of February, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE